**440**

1840.

Bicknell
v.
Field.

Bicknell *vs.* Field & Southworth.

Where an action is commenced in this state upon a foreign judgment, and a bill is filed in the court of chancery to restrain the proceedings in such action, upon the ground that the judgment was recovered by fraud, the commencement of the action at law in this state, if any cause of equitable jurisdiction exists, constitutes the cause of a suit in the court of chancery; so as to give to the vice chancellor of the circuit within which such action was commenced, jurisdiction of the suit in equity.

The court of chancery of New-York has no jurisdiction to restrain parties who have recovered judgment in a court of a sister state from proceeding in the court where such judgment was obtained to collect the same.

Where a party is sued in this state upon a foreign judgment, recovered upon an attachment of property merely, without service of process on the defendant, and who never appeared in the suit in which such judgment was recovered, the record of the judgment is not even prima facie evidence of indebtedness here; and the defendant has a perfect defence at law to the action on the judgment.

Whether any court in this state can inquire into the regularity of a judgment, purporting by the record to have been recovered in a court of a sister state, and where the process in the suit was personally served upon the party against whom such judgment was recovered, *Quære?*

Where a party is sued here, upon a judgment purporting to have been recovered against him in a sister state, after a personal service of process, if such judgment was fraudulently entered, without the authority of the court, it seems his proper remedy is to apply to the court in which the judgment was thus entered, to have it set aside; and thus to avail himself of the defence that there is no such judgment in existence.

July 21.

This was an appeal from a decision of the vice chancellor of the first circuit, overruling a demurrer to the complainant's bill. The object of the bill was to restrain the prosecution of a suit in the supreme court, in an action of debt on a judgment recovered by the present defendants, against the complainant and A. Stevens, in the court of common pleas of the state of Massachusetts. Neither of the defendants resided within the first circuit at the time of filing the bill in the cause; but one of them was a resident of the county of Westchester, and the other resided out of the state. The bill however alleged, that the suit in the supreme court of this state was commenced by the service of the writ upon the complainant in the city of New-York,

and that the sheriff returned upon the writ that Stevens was not found within his bailiwick. The complainant stated in his bill that the defendants had declared against him upon a judgment, alleged to have been recovered against him and Stevens in Massachusetts, in December, 1822, for $5601,31 damages and $10,20 costs, in an action of assumpsit ; but that the judgment so declared on was not entered, filed or docketed, at the time alleged in the declaration in the action in the supreme court, nor for many years thereafter ; that no verdict was ever rendered, nor any trial had between the parties in the suit in Massachusetts, nor was any assessment of damages made therein by which that court could or did ascertain what amount, if any, was due to the plaintiffs in that action ; that in or after the month of December, 1835, and not previously, such judgment was entered, through the mistake or collusion of the clerk of the court in Massachusetts, and by the fraud and procurement of the defendants in the present suit, or their agents, without lawful warrant or authority, and without personal notice to the complainant and without proof of the claims of the plaintiffs in that action, and contrary to the rules and practice of that court ; and that at the time of the commencement of that suit, and of the entry of the judgment, the complainant and Stevens were not justly and legally indebted to the plaintiffs therein ; but that, on the contrary, such plaintiffs were indebted to the complainant and Stevens in a large amount ; and that the claims of the said plaintiffs, if the same were ever valid, were long since barred and outlawed, and were still so barred by the statute of limitations at the time of filing the bill in the present suit. It appeared also by a copy of the record of the judgment annexed to the complainant's bill, and therein referred to, that the action in which that judgment was recovered was commenced in October, 1822, by a writ of attachment against the property of Bicknell and Stevens, and of trustee process against several others, alleged to be their trustees or debtors ; that such writ directed the sheriff to attach the property of Bicknell and Stevens, and to summon them and

their said trustees to appear on the third Monday of December then next, in the court of common pleas to be holden at Dedham, to answer Field and Southworth, in a plea of the case upon the causes of action stated in the writ; and that the writ was duly served upon both the principals and those who were alleged to be their trustees. But whether it was served upon them personally, or not, did not distinctly appear by the record. Final judgment was not rendered in the case at the return term of the writ; but was entered upon a petition of the plaintiffs, several years afterwards, as of that time.

The defendants demurred to the bill for want of equity, and also upon the ground that the vice chancellor of the first circuit had not jurisdiction of the case.

*James Smith,* for the appellants. The vice chancellor of the first circuit had no jurisdiction. The complainant's bill does not shew such a case as entitles him to a discovery or relief; the bill and exhibits shew that he legally owes the judgment debt. The complainant also shews that there was no fraud or collusion in the entering up of the judgment at law. And that such judgment was entered by the order of the court, there being in fact but one judgment. The complainant avers that no judgment was obtained against him in 1822; we have declared on such judgment, and if we do not produce a record, the complainant's plea of nul tiel record will prevail.

*J. H. Lee,* for the respondent. The cause or matter in equity arose within the first circuit. The cause or matter in equity is the wrongful attempt of the defendants to enforce at law a fraudulent claim, to which the forms of law preclude a legal defence; thus making a court of law an instrument of injustice. This cause or matter in equity arose upon the commencement of the action in the supreme court, by the issuing of process to the sheriff of New-York, and causing it to be served upon the complainant within the first circuit. (*Mitf. Pl.* 127. 4 *Cowen,* 158. 10 *Wend.*

573. 2 *R. S.* 347, § 1.) The action at law, it may fairly be presumed, is pending where it was commenced, viz. in New-York ; and so the subject matter in controversy, to some extent, is within the jurisdiction of the vice chancellor. (1 *John. Ch. R.* 59, 427. 3 *Paige*, 251. 2 *Id.* 177, 82.) The fraud in the Massachusetts judgment is a valid ground of equitable jurisdiction. (1 *John. Ch. R.* 323. *Idem*, 406, *citing* 1 *Ves.* 120, 284, 289. 6 *John. Ch. R.* 90. 7 *Id.* 182.)

THE CHANCELLOR. Two questions are presented for consideration upon this appeal : *First.* Whether the vice chancellor was the proper judge before whom to file the bill ? and *Secondly.* Whether the case stated in the complainant's bill is a proper subject of equitable cognizance, so as to authorize the court of chancery to grant the relief prayed ?

As neither of the appellants resided in the first circuit at the time of filing the bill, and the subject matter of the suit had no locality, and therefore could not be situated within that circuit, the vice chancellor's jurisdiction, upon the supposition that the case is one of equitable cognizance, depends upon the question whether the cause or matter of complaint, which authorized the filing of this bill in chancery, arose within that circuit. The only fact that occurred within the first circuit was the commencement of the action of debt upon the Massachusetts judgment, by the issuing of the writ to the sheriff of New-York, and the service of such writ upon the complainant in that city. And if the complainant would have been authorized to file a bill in this court to restrain the defendants from proceeding on the Massachusetts judgment, before a suit had been actually commenced thereon in this state, then it is evident that the cause or foundation of the suit in this court did not arise in the first circuit ; although the additional ground of complaint arose from the commencement of the action in the supreme court. On the other hand, if the commencement of the action of debt on the judgment, by the

issuing of the writ to the sheriff of New-York, constituted this a proper case of equitable cognizance, and which it would not have been without the commencement of a suit upon the judgment here, then I think the cause or matter in equity arose in the first circuit, according to the true construction of the provision of the revised statutes on the subject of jurisdiction of vice chancellors. (2 *R. S.* 168, § 2, *sub.* 1.)

I am satisfied that this court has no jurisdiction over the parties to a judgment obtained in a sister state, to restrain their proceedings in the courts of that state to collect such judgment. (*See Meade* v. *Merritt & Peck*, 2 *Paige's Rep.* 402.) If there is any ground for equitable relief in this case, therefore, it must be founded upon the fact that these defendants are endeavoring to coerce the payment of a foreign judgment, obtained by fraud, by the action of debt founded thereon in the supreme court of this state; and that the cause of complaint in the present bill, so far as the jurisdiction of the vice chancellor of the first circuit is concerned, arose, if any where, in the city of New-York, by the commencement of the action at law by writ directed to the sheriff of New-York; and which writ was served upon the complainant there.

Upon a careful examination of the allegations in this bill, I have, however, arrived at the conclusion that the complainant has not made a case which entitles him to any relief in this court; even if there was no question as to the local jurisdiction of the vice chancellor of the first circuit before whom the bill was filed. It is perfectly well settled, that an action commenced in another state by the attachment of property merely, without an actual service of process upon the defendant, who does not appear in the suit, is a mere proceeding in rem; and is not even prima facie evidence of indebtedness, in an action brought upon the judgment in the courts of this state. And as there is no allegation in this bill that there was any actual service of the process upon this complainant, or that he was personally summoned to appear and defend the suit in the court

of common pleas in the state of Massachusetts, the legal presumption is that he has a perfect defence at law in the action upon the judgment.

Again ; if the judgment was fraudulently entered by the clerk, without the authority of the court whose judgment it purports to be, the proper remedy of the complainant appears to be to apply to that court to set aside the judgment, and to take the spurious record off of the files of the court. And the fact that these defendants have already obtained an exemplification of that record would not prevent the complainant from availing himself of the cancelling of the original record, as a defence to the action, upon the judgment which had thus been vacated and set aside. The constitution of the United States provides that full faith and credit shall be given, in each state, to the public acts and records and judicial proceedings of every other state. (*Const. U. S. art.* 4, § 1.) That provision of the constitution is as binding upon this court as it is upon the supreme court. If these defendants, therefore, have obtained a judgment in the court of common pleas of Massachusetts, against the defendant, after actual service of process upon him, the supreme court has the same right, to inquire into the regularity of the proceedings to obtain that judgment, as this court can have. And if this court is authorized to declare the judgment fraudulent and void as against the complainant, he may avail himself of the same defence in the action which has been brought against him, upon that judgment, in the supreme court ; as the jurisdiction of this court is only concurrent with courts of law in cases of actual fraud. It is at least doubtful, however, whether any court in this state has any right or power to inquire into the regularity of a judgment recovered in one of the superior courts of a sister state, after a personal service of the process upon the party against whom such judgment was obtained. And it certainly would not be giving full faith and credit to the record of a judgment in a sister state, which record was duly authenticated in the manner prescribed by the law of the United States, if the

party against whom that judgment purported to have been obtained was permitted to allege and show, in the courts of another state, that no such judgment was in fact given, or authorized to be entered by the court ; but that the judgment record was made up and filed fraudulently, by the clerk of the court and without authority.

I think the demurrer to the bill in this cause was well taken, and that it ought to have been allowed by the vice chancellor. The decretal order which is appealed from must therefore be reversed, and the complainant's bill must be dismissed with costs.