MILES SKETOE, Plaintiff in Error, *v.* JOHN ELLIS, Defendant in Error.

## ERROR TO GALLATIN.

In a proceeding by a landlord under a distress for rent, the court has only to inquire whether the relation of landlord and tenant exists, and to ascertain the amount of rent in arrear when the distress was made, and enter the assessment on record, and certify the amount and costs to the bailiff.

In such a proceeding, the landlord cannot introduce a demand against the tenant, for which he has not the right to distrain ; nor can the tenant set up, by way of set-off, any demand against the landlord. The tenant may show that he has made payments on account of rent, to reduce the amount of the assessment.

THIS was a case of distress for rent. Ellis issued his warrant as landlord, against Sketoe, directed to a constable, with an account appended, demanding the sum of $22.25 rent due. The constable, by virtue of the warrant, seized a two horse wagon. A summons was issued, and a trial had before a justice of the peace and a jury, who found for the defendant Sketoe a verdict for $25, for which judgment was entered by the justice.

Ellis then appealed to the Circuit Court of Gallatin county. In the circuit court Ellis filed an additional account, including a charge for work and labor performed for Sketoe. A trial was had before DENNING, Judge, and a jury, at November term, 1850, which resulted in a verdict and judgment in favor of Ellis for the sum of $21.80. Sketoe brought the cause to this court by writ of error.

H. B. MONTGOMERY, for plaintiff in error.

R. F. WINGATE, for defendant in error.

TREAT, C. J. Ellis distrained the goods and chattels of Sketoe to enforce the payment of $22, for rent alleged to be due and in arrear. A copy of the distress warrant, and an inventory of the property seized, were filed with a justice of the peace ; and a summons was thereupon issued against Sketoe, who appeared and set up a cross demand against Ellis. A trial resulted in a judgment in favor of Sketoe for $25. Ellis removed the case to the circuit court, where a judgment was entered in his favor for $21.80. The rendition of that judgment is assigned for error.

The statute provides, that " In all cases of distress for rent,

Sketoe *v.* Ellis.

the person making the same, shall immediately file with some justice of the peace, in case the amount claimed does not exceed one hundred dollars, and with the clerk of the circuit court, in case it exceeds that sum, a copy of the distress warrant, together with an inventory of the property levied upon ; and thereupon the party against whom the distress warrant shall have been issued, shall be duly summoned, and the amount due from him assessed and entered upon the records of the court finding the same. The said court shall certify to the person or officer making the same, the amount so found due, together with the costs of court; and said officer shall thereupon proceed to sell the property distrained, and make the amount thus certified to him, and return the certificate so issued to him, with an indorsement thereon of his proceedings, which return and certificate shall be filed in the proper court." R. S. ch. 60, s. 6. A landlord had the right at common law to distrain the goods and chattels of his tenant for rent due and in arrear. And he might sell the same without the authority of legal process. If he made an illegal distress, the remedy of the tenant was either by an action of trespass or replevin. The object of the statute was to restrain and qualify this right of the landlord. Before he is permitted to sell the property distrained, he must bring the tenant into court, and establish his right to make the distress, and have the amount of the rent assessed. But it was not the intention of the legislature further to interfere with the common law remedy of the landlord. In its action under this statute, the court has only to inquire whether the relation of landlord and tenant exists between the parties, and if so, to ascertain the amount of rent due and in arrear when the distress was made. These are the only questions that can properly arise on the trial. No other transactions between the parties are to be taken into consideration. The landlord cannot introduce a demand against the tenant, for which he has not the right to distrain ; nor can the tenant set up, by way of set-off, a demand that he may have against the landlord. He may, of course, show that he has made payments on account of the rent, and thus reduce the amount of the assessment. In the present case, the justice erred in allowing the tenant to introduce a set-off; and the circuit court erred in entering a judgment in favor of the landlord on the verdict of the jury. It should only have entered the assessment on the record, and certified the amount thereof, and the costs to the bailiff, as a guide to govern him in the disposition of the property distrained. The judgment of the circuit court is reversed, and the cause is remanded. *Judgment reversed.*