NELSON C. RAE, Plaintiff in Error, *v.* WILLIAM HULBERT *et al.*, Defendants in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

It is not requisite, in an action upon a judgment of a sister State, to aver that the court which pronounced the judgment had general jurisdiction or special jurisdiction of the subject matter, or of the person, if the action is upon a judgment of a court of general jurisdiction.

It is the duty of this court to take the same notice, that the Supreme Court of another State had jurisdiction of the subject matter and of the regularity of its proceedings, that it would take of a domestic judgment.

The question of jurisdiction over the person is rather one of evidence than of pleading.

A judgment is not a contract, within the meaning of the statutes in relation to what may be matters of set-off in this State.

THIS is an action of debt upon a judgment of the Supreme Court of the State of New York, commenced in the Cook county Court of Common Pleas.

The declaration alleges that William Hulbert and La Fayette Hulbert, plaintiffs, by their attorneys, complain of Nelson C. Rae, defendant in this suit, of a plea of debt, that he render to the said plaintiffs the sum of twelve thousand dollars, which he owes to and unjustly detains from the said plaintiffs.    For that, whereas heretofore, to wit, on the 28th day of April, 1854, at a term of the Supreme Court of the State of New York, for the county of New York, held in and for said county in said State, before the honorable the justices of said court, the said plaintiffs, by the consideration and judgment of the said court, recovered against the said defendant as well a certain debt of ten thousand three hundred and forty-two dollars and seventy-six cents, as also two hundred and thirty dollars and sixty-nine cents, which, in and by the said court, were then and there adjudged to said plaintiffs for their costs, disbursements, and extra allowance granted by said court, whereof the said defendant was convicted, as by the record and proceedings thereof remaining in said court more fully appears, etc.

To which declaration the defendant pleaded,

1.    *Nul tiel* record.

2.    Special plea : That said judgment, declared on as aforesaid, was obtained by fraud, and, after the formal part thereof, is in substance as follows, to wit: Because he says that heretofore, to wit, on the 9th day of May, 1853, to wit, at the city and county of New York, in the State of New York, the said plaintiff, contriving and intending to cheat and defraud the said defendant, and obtain an undue advantage over him, unlawfully, knowingly, designedly, and without having any claim or demand in law or equity then subsisting against the said defendant, and did then and there commence an action in the Supreme Court of the said State, against the said defendant in· *assumpsit* upon promises, and did then and there unlawfully, knowingly, and designedly, falsely pretend or claim in their complaint in said action damages to the amount of $9,750.69, together with interest thereon from March 1, 1853 ; that afterwards, to wit, on the 15th day of July, 1853, the said defendant served his answer in said action denying the allegations of indebtedness in said complaint, and claimed and alleged the fact that the said plaintiffs were then and there, at the time of the commencement of said action, indebted unto said defendant in the sum of $10,000 over and above all legal claims and demands which the said plaintiffs then had against him for butter, produce and merchandize had, and received by said plaintiffs of and from the said defendant before the commencement of said action, and which said sum of $10,000 the said defendant was

then and there, by the laws of the State of New York, at the time of the commencement of said action and of the rendition of the judgment hereinafter mentioned, available to said defendant by way of set-off or counter claim against the said pretended claim of the said plaintiffs; that afterwards, to wit, on the 2nd day of August, 1853, the said plaintiffs filed a replication to said answer, denying the allegations therein, and issue being thereupon joined, afterwards, to wit, on the 29th day of August, 1853, said cause was duly referred to a sole referee pursuant to the rules and practice of said court. And the said defendant further says, that a time and place for the hearing of said action was fixed by the referee therein, at which time and place the said defendant appeared with his counsel and witness to try said cause, and the said defendant avers that he was then and there prepared to establish, and could then and there have established, by the legal and competent evidence of said witness, had the trial of said action then and there proceeded, the fact, that the said plaintiffs then had no valid subsisting claim or demand in law against him, the said defendant, but that, on the contrary thereof, they, the said plaintiffs, were indebted to him, the said defendant, which facts were then and there well known to and understood by the said plaintiffs; but the said plaintiffs, contriving and intending to cheat and defraud the said defendant in that behalf, and to obtain an undue advantage over him in said suit, did then and there unlawfully, knowingly, and designedly falsely pretend and represent to said defendant, that they were desirous of settling said suit upon just, fair and reasonable terms with said defendant, and did then and there propose and offer to settle and discontinue the same upon payment, by said defendant to said plaintiffs, of a certain nominal sum in money then and there agreed upon by and between the said plaintiffs and said defendant, as soon as the said defendant could make the necessary arrangement to pay the same through his father, then living at Cortland county and State of New York. And the said defendant further says, he then and there accepted said proposition and offer of the said plaintiffs, and agreed to pay said sum of money so agreed upon as aforesaid upon the terms and conditions aforesaid; and confiding in the false pretenses and fraudulent representations made by the said plaintiffs as aforesaid, and being deceived thereby, was induced, by reason thereof, to dismiss his said witnesses and allow them to depart and go home, a distance of five hundred miles from said court; also to depart himself, and go immediately and at once to the county of Cortland aforesaid, a distance of three hundred miles

from court, to complete said arrangement and settle said suit upon the terms and conditions aforesaid. And the said defendant further says, that before he had, by ordinary diligence, time to complete said arrangement and settle said suit upon the terms and conditions aforesaid, and before a reasonable time therefor had elapsed, and before he could by possibility again reässemble his witnesses and get ready for trial and try said suit, the said plaintiffs, disregarding their said offer and agreement to settle said suit, which they never intended to settle, but knowingly and fraudulently contriving, as aforesaid, to cheat and defraud the said defendant in that behalf, and obtain against him an unjust and exceedingly large judgment, did, by means of the false pretences and fraudulent representations aforesaid, get the said defendant and his witnesses out of the way as aforesaid, and did then and there, in the absence of said defendant and his said witnesses, press said suit on to trial and try the same before said referee, and did then and there, on the trial of said action, by false evidence, fraudulently, knowingly, and designedly fix and establish before said referee the sum of $10,342.76 against the said defendant, for which sum the said plaintiffs, on filing the report of said referee therefor, did, on the 28th day of April, 1854, in said Supreme Court, recover judgment against the said defendant, together with $230.69 costs of suit, whereas, in truth and in fact, the said defendant, at the time of the trial of said suit and of the rendition of said judgment as aforesaid, was not indebted to said plaintiffs in any sum of money whatever, which the said plaintiffs well knew. And the said defendant avers, that he has always been ready and willing to perform, and has offered to perform, his agreement aforesaid to settle said suit within the time and upon the terms and conditions aforesaid, but that the said plaintiffs never intended to perform said agreement on their part, and have hitherto wholly refused to receive and accept said sum of money agreed upon as aforesaid, and discontinue said suit or vacate said judgment, and still so refuse to accept the same. And the said defendant also avers, that said judgment, thus obtained, is made the foundation of this action, wherefore he says that said judgment was and is void in law, etc.

3. Special plea is in the usual form of a plea of set-off.

To which special pleas the plaintiffs, by their attorneys, interposed a general demurrer, and assigned special causes as follows, to wit: To the first special plea they allege,

1. It does not set forth any such fraud in the obtaining of judgment as this court can take notice of in this suit.

2. It does not appear from said plea but that a long time elapsed between the hearing of the case before the referee and

the filing of his report and final entry of judgment, nor but that the defendant had time and opportunity, before judgment was entered, to have interposed his defence. ·

3. It does not show but that the defendant was present in court in person or by attorney before and at the time of the entry of said judgment in the case, nor but that he did interpose his defence.

4. That it is multifarious and inconsistent, and is, in other respects, uncertain, informal, and insufficient, etc.

And for special causes of demurrer to second amended special plea, plaintiffs say,

1. It sets up a claim, originating and growing out of the same contract on which suit was brought and the judgment sued on in this cause was recovered, which claim should have been interposed in that suit and cannot be set off in a suit on the judgment.

2. It shows that the demand attempted to be set off accrued before the commencement of the suit in which the judgment sued on was recovered, which demand should have been set off in that suit.

3. That said second amended special plea is in other respects uncertain, informal and insufficient, etc.

· That defendant joined in demurrer, and judgment was given therein for and in favor of said Hulberts, and against said Rae, who stood by his said pleas as amended.

The judgment declared upon and introduced in evidence in this cause is as follows :

## " SUPREME COURT.

" WILLIAM HULBERT AND LA FAYETTE HULBERT *vs.* NELSON C. RAE. } Judgment.   •   This action being at issue, and having been duly referred to the Hon. William Kent as sole referee to hear and determine the issue joined therein, and the report of the said William Kent, referee, having been duly filed, whereby he finds to be due from the said Nelson C. Rae to said William Hulbert and La Fayette Hulbert, the sum of ten thousand three hundred and forty-two dollars and seventy-six cents : Now, on motion of William D. Booth, the plaintiff's attorney, it is hereby adjudged that the said William Hulbert and La Fayette Hulbert, the said plaintiffs, recover of the said Nelson C. Rae, the defendant, the aforesaid sum of ten thousand three hundred and forty-two dollars and seventy-six cents, together with the sum of two hundred and thirty dollars and sixty-nine cents costs, disbursements, and extra allowance granted by this. court, amounting in the whole to the sum of ten thousand five hundred and seventy-three dollars and forty-five cents."

The issue of *nul tiel* record was tried and found for said Hulberts, and a general judgment was thereupon rendered in

said Court of Common Pleas for and in favor of said Hulberts, and against said Rae, upon the whole record.

ANDERSON and MCALLISTER, for Plaintiffs in Error.

G. GOODRICH, for Defendant in Error.

CATON, J.  This was an action of debt upon a judgment rendered in the Supreme Court of the State of New York. The declaration is in the usual form, averring that the plaintiffs recovered a judgment on the day specified, in the Supreme Court of the State of New York, against the defendant, for his debt and damages adjudged, &c., with profert. The defendant pleaded, first, *nul tiel* record; second, a special plea, that the judgment was obtained by fraud, and, third, a plea of set-off. The plaintiffs took issue on the first plea, and demurred to the second and third, which demurrer was sustained by the court. The court then found the issue on the first plea for the plaintiffs, and rendered judgment for their debt and damages.

The first question presented is, that the declaration is insufficient, and that the demurrer to the plea should have been carried back and sustained to it. It is objected, that there is no averment—that the Supreme Court of New York is a court of general jurisdiction, or that it had special jurisdiction of the subject matter of that suit, and that there is no averment that the court had jurisdiction of the person of the defendant. It is not pretended that these averments are necessary in a declaration upon a domestic judgment of a court of general jurisdiction, nor do we think them necessary where the judgment is rendered in a court of a sister State of general jurisdiction; nor will we now say they are necessary even upon a strictly foreign judgment. While for many, if not for most, purposes, the several States of the Union are, as to each other, considered and treated as foreign States, yet it is not strictly so as to the judgments rendered by their several courts. I will not quote from the constitution and laws of the federal government, but from the opinion of this court in the case of *Welch* v. *Sykes*, 3 Gilman, 199. It is there said, "Under the constitution of the United States, and laws made in pursuance thereof, the judgments *in personam* of the various States are placed on the footing of domestic judgments, and they are to receive the same credit and effect, when sought to be enforced in different States, as they, by law or usage, have, in the particular States where rendered." We are then to treat this judgment, or give it the same effect, as if rendered by one of our own courts, or as if this were a proceeding in New York. We do not hesitate to declare that it is our duty

37

to take notice that the Supreme Court of New York had juris-
diction of the subject matter; and the same presumptions arise
in favor of the jurisdiction of the person, and of the regularity
of the proceeding, that would arise upon a domestic judgment.
How far those presumptions arise in favor of the jurisdiction of
the person, it is not necessary now to discuss particularly, for
that is a question rather of evidence than of pleading. Though
it may be necessary, when used as evidence, that the record
should show such facts as are necessary to give the court juris-
diction of the person of the defendant, or, at least, as raise a
presumption of jurisdiction, yet it is not necessary that such
facts should be set out in the pleading. It is only necessary to
aver that, by the consideration of the court, a judgment was
rendered against the defendant. The implication is, that it was
a valid judgment, and that is sufficient to lay the foundation for
the proof of every fact necessary to show that it was a valid
judgment.

It is argued that every fact which is necessary to be proved
must be averred. This is not so to the extent contended. All
proof must be in support of, and find its foundation in, the plead-
ing, but every distinct fact need not be pleaded. That would
be pleading the evidence. In the case above referred to, in 3
Gilman, and in the case of *Bimeler* v. *Dawson,* 4 Scam. 536,
which were actions on judgments from other States, the plead-
ings are not set out in the reports; but I have examined the
original files, and find that, in neither declaration, was there any
averment that the court rendering the judgment had jurisdiction
of the person of the defendant, but that they, like this declara-
tion, follow the common precedents, averring generally the ren-
dition of the judgment. It is true that, in those cases, the
objection was not made, so that it was not expressly passed upon
by the court, but they at least serve as approved precedents;
and, from the counsel reported as engaged in them, we may well
suppose the objection would have been taken had it been deemed
tenable. We think the declaration sufficient.

The first special plea avers that the plaintiffs, knowing that
they had no just cause of action against the defendant, com-
menced the suit in the Supreme Court of New York, to which
he appeared and filed a plea of set-off; and that, after the issues
were formed, the cause was referred to a referee, according to
the practice of that court, before whom the parties appeared for
trial, when the defendant had his witnesses present, by whom
he could have established his set-off to a greater amount than he
owed the plaintiffs. That terms of settlement were then agreed
upon, by which the defendant was to pay the plaintiffs a certain
nominal sum of money in satisfaction of their claim, and they

should dismiss their suit, which sum the defendant was to pay as soon as he could make the necessary arrangement with his father, who lived in Cortland county, a distance of three hundred miles. That, on the faith of this agreement, the defendant dismissed his witnesses, and went to his father to complete the arrangement, but that, during his absence, and before he could, by reasonable diligence, complete the arrangement with his father and return, the plaintiffs brought the cause to trial before the referee, and, by false testimony, established a claim before him of $10,-343.76, which amount the referee reported in their favor, and against the defendant, for which a judgment was subsequently rendered against him with damages, interest, costs, &c. And the plea further avers that, in this, the plaintiffs acted fraudulently. To this plea a demurrer was sustained, and we think very properly. In this, there is no such fraud set out as would vitiate a judgment. The agreement for the settlement of the suit was matter properly cognizable before that court, and should have been interposed for the purpose of postponing the trial before the referee, or should have been objected to the report, when judgment was moved thereon; or, if for any cause the defendant could not then present the objection, he should, at the earliest opportunity, have applied to that court to open or set aside the judgment, and enforce the agreement to settle, or to let him in with a defence. Instead of doing this, he waits till he is sued on that judgment in another tribunal, and in another State, and then substantially asks that a new trial be granted him in the original cause. We are referred to a great many authorities declaring that fraud will vitiate any judgment. That is so, undoubtedly, when properly understood, but it is not every unfair act that constitutes such a fraud as will render a judgment or even a contract void. Even in case of a contract, the fraud which will render it void, must be in the execution and not in the consideration, as where the party is fraudulently induced to sign one paper supposing it to be another. Had the judgment been fraudulently entered up for a greater amount, for instance, than was awarded by the court, the defendant might every where insist that he was not bound by it. The plea was bad.

It was admitted on the argument that the plea of set-off would not be good at the common law, and we think it equally clear that it is not warranted by our statute. That provides, that a defendant, "in any action brought upon any contract or agreement, either express or implied, having claims or demands against the plaintiff, may set up the same and have them allowed him upon the trial." We cannot agree with counsel, that a judgment is a contract, within the meaning of this statute. It

is the conclusion of the law upon the rights of the parties, and it is not very common that it is entered up by the agreement of the unsuccessful party, but the reverse is generally the case. In this statute the words, " action," " contract" and " agreement," arc used in their ordinary sense, and not with the intention of embracing every imaginable litigation upon every cause of action. A judgment is no more a contract than is a tort. In one sense it is true that every member of society impliedly agrees to pay all judgments which may be regularly rendered against him; and, in the same sense, does he impliedly agree to make amends for all torts which he may commit. No one will pretend that actions for torts are within the spirit and intent of the statute, and yet they are certainly as much so as are actions upon judgments. In *Keaggy* v. *Hite*, 12 Ill. 101, it was decided by this court, that a set-off could not be allowed in an action of trover; and in *Woodbury* v. *Manlove*, 14 Ill. 216, it was decided that a *scire facias*, to foreclose a mortgage, was not within this statute; and in *Sketoe* v. *Ellis*, 14 Ill. 75, it was decided that a tenant could not set off a claim against his landlord on a distress for rent, although we have decided that the finding of the court upon that proceeding, under our statute, is a judgment, and conclusive between the parties. We have no doubt the demurrer was properly sustained to this plea, without noticing any of the objections which were urged to its merits.

The judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*