## PHINEAS KIMBALL, JR., Plaintiff in Error, *v.* CHARLES C. RITER, Defendant in Error.

### ERROR TO HANCOCK.

No particular form is necessary to make the finding of a justice of the peace a judgment, provided it is final, and may subject the party against whom it is given to injury.

An appeal to the Circuit Court will lie against such a finding.

IT appears from the record that this was a proceeding commenced by the levy of a distress warrant on behalf of Kimball, the plaintiff in error, on certain property of Riter, his tenant, claiming $100 rent due, and that after the distress warrant was levied, it was returned and filed before John Bauer, a justice of the peace of Hancock county, with an inventory of property levied on, and Bauer thereupon issued a summons, tried the case, and rendered a judgment against plaintiff Kimball for costs.

From that judgment Kimball regularly appealed to the Circuit Court of Hancock county, which appeal the court, SIBLEY, Judge, on motion, dismissed. The only question presented by the record is, that the Circuit Court erred in dismissing that appeal.

WILLIAMS, GRIMSHAW & WILLIAMS, for Plaintiff in Error.

WHEAT & GROVER, for Defendant in Error.

BREESE, J. This was a proceeding under the statute respecting landlords and tenants, in which the magistrate found for the defendant and entered a judgment against the plaintiff for the costs. On appeal to the Circuit Court, it was held that an

appeal did not lie in such case, and this writ of error is prosecuted from that decision. The only question in the case is, as to the propriety of this decision.

The act respecting landlords and tenants (Scates' Comp. 717), does not in terms allow an appeal, nor does it require the justice of the peace to enter a judgment for the landlord, should he find any rent due to him. He is, however, required to find the amount, and to certify it to the officer, on which certificate the officer is authorized to sell the property distrained, and he is required to make a return thereof, as in case of an execution.

This finding of the justice is not technically a judgment, but for all practical purposes it is one. It is the final decision of the case, and the party against whom he finds is placed thereby in a position to be injured. This court said, in the case of *Wells* v. *Hogan*, Breese, 264, that no particular form is required to render an order of the Circuit Court a judgment. It is sufficient if it is final, and the party against whom it may be entered is subjected to injury thereby. The rule should be the same in a proceeding before a justice of the peace.

Section 58 of chapter 59 (Scates' Comp. 708), provides that appeals from judgments of the justices of the peace to the Circuit Court shall be granted in all cases, except on judgments confessed. Now, no particular form being necessary to make the finding a judgment, and this finding possessing all the properties of a judgment by being final, and subjecting the party against whom it is entered to injury, an appeal will well lie. A formal judgment for costs was in fact entered, as the record shows.

We think the case of *Sketoe* v. *Ellis*, 14 Ill. 75, is in point, and so is that of *Wade* v. *Halligan*, 16 id. 507.

The Circuit Court should have sustained the appeal and tried the case *de novo*. The judgment will be reversed for that purpose.

*Judgment reversed.*