The Chicago, Milwaukee and St. Paul Railway Company

v.

Herman Krueger.

*Filed at Ottawa May 9, 1888.*

1. Practice—*directing what the verdict shall be.* If there is evidence tending to prove the cause of action alleged by the plaintiff, an instruction to find for the defendant is properly refused.

2. Instructions—*long recital of facts.* An instruction containing a long recital of many facts which the evidence tends to prove, is faulty.

3. Same—*repeating.* Where the instructions given for a party embody the same proposition, substantially, as others asked, there will be no error in refusing the latter.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Kirk Hawes, Judge, presiding.

Mr. E. Walker, for the appellant.

Mr. B. M. Shaffner, for the appellee.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

This is an appeal from a judgment of affirmance by the Appellate Court for the First District, of a judgment for recovery of damages in a suit by Krueger, against the Chicago, Milwaukee and St. Paul Railway Company, for a personal injury caused by the alleged negligence of the railroad company.

It appears that Krueger was in the employ of the company, and that his business was to wash passenger cars while standing in the company's yard; that upon the track in this yard known as No. 1, cars were placed for washing, and that upon track No. 2, cars were switched from the main track for the

purpose of making up passenger trains.    These tracks were twelve feet apart, from rail to rail, and in the centre of such space there were car wheels and axles kept.    The wheels had a diameter of thirty-three inches, and were attached to the axles, which lay parallel with the rails of the tracks, and in the centre of this space was a hydrant, to which Krueger was in the habit of attaching his hose while engaged in washing the cars.    Cars standing upon the track projected over the rails about two feet, leaving a clear space of two feet and seven inches between the standing car and the wheels.    There was this space between the car standing upon the track upon which Krueger had been engaged, and the wheel standing in the centre between the tracks, and also the same space or distance between the wheel and any car moving upon track No. 2 ; but if there were no car so moving, the space would be four feet seven inches between the wheel and the south rail of track No. 2.    Krueger was engaged in his regular work upon track 1.    He had finished washing a car standing upon such track, and crossed from track No. 1 to or near track No. 2, and was proceeding westward with the hose on his shoulder, to wash the car standing next to the one that he had just completed, upon the same track, immediately to the west.    While either in close proximity to the rail, or between the rails and upon track No. 2, as testified by some witnesses, a car came from the east on track No. 2, striking the plaintiff, and injuring him as alleged in the declaration.    The charge of negligence in the declaration is, that the car was being propelled by its own momentum, without any person having charge of the same, and that no warning was given of the approach of the car.

The controverted questions of fact as to the negligence of the defendant, and the use of due care by the plaintiff, are settled by the judgment of the Appellate Court, whose decision in such respect is final.    It is only the rulings of the court upon questions of law which are open to our review.

The refusal of the trial court to give the first, second and eighth instructions asked by the defendant is assigned for error.

The first was a request that the jury be directed to return a verdict for the defendant. There was evidence in the case certainly tending to show a cause of action, and this instruction was rightly refused.

The second instruction was faulty, under repeated decisions of this court, in containing a long recital of many facts which, as stated, the evidence tended to prove. But aside from this, the principle of law asked to be given to the jury after such recital, was to the purport, that if the plaintiff, in the discharge of his duty, without sufficient cause, negligently and carelessly crossed to track No. 2, and was walking in close proximity thereto when he was injured, he could not recover; and the eighth refused instruction was of like purport, that if the plaintiff, in the discharge of his duty, was not required to go upon said track No. 2, or in close proximity thereto, he could not recover. By the second instruction given for the defendant, the jury were told that if the plaintiff carelessly and negligently passed over to and upon track No. 2, in front of a passing car, and thereby received the injuries complained of, he could not recover; and by the third modified instruction given for the defendant, the jury were informed that if the plaintiff had, without just reason, put himself in a place of danger, and thereby and therefrom received the injury complained of, the jury should find for the defendant, even though the jury should find, from the evidence, that the defendant was guilty of negligence in not placing a switchman upon the approaching car, to give warning to the plaintiff of his danger.

These instructions, which were thus given for the defendant, embodied, as we consider, the same proposition of law, substantially, that was contained in the refused instructions, and we therefore find no material error in not giving the latter.

Complaint is made of prejudice on the part of one of the jurors. This complaint is founded entirely upon manifestations

of alleged prejudice exhibited by the juror during the progress of the trial, in his cross-examining of witnesses. However this may be, we do not find therein ground for reversing the judgment.

The judgment will be affirmed.

*Judgment affirmed.*