# AUGUSTIN I. AMBLER

*v.*

# RODNEY L. WHIPPLE.

*Filed at Ottawa October 31, 1891.*

1. FOREIGN JUDGMENTS AND DECREES—*credit and effect thereof in the several States.* Under the constitution of the United States, and the laws made in pursuance thereof, the judgments *in personam* of the various States are placed on the same footing as domestic judgments, and they are to receive the same credit and effect, when sought to be enforced in the different States, as they, by law or usage, have in the particular States where rendered.

2. A judgment of a court of record of a sister State has the same conclusive effect in the courts of other States that it has in the State in which the judgment was rendered. The rule that judgments of a sister State are conclusive on the merits, extends equally to decrees in chancery.

3. SAME—*of Federal courts.* Judgments and decrees of the Federal courts are entitled to the same degree of faith and credit as those of State courts.

4. SAME—*plea of fraud to an action on.* A plea of fraud is not admissible in an action on a judgment of a court of record of a sister State, if there was jurisdiction of the person and subject matter, unless it can be set up in the courts of the State rendering the judgment.

5. Where a judgment is rendered against a party by default, and he is prevented from making a valid defense by the false and fraudulent representations of the plaintiff that he would abandon the suit or dismiss the same, the remedy of the defendant, when judgment is wrongfully taken in violation of promises and assurances, is by application in the court where the judgment is. A plea of fraud in procuring such judgment is not a proper plea to an action on a judgment.

6. LIMITATION—*of actions on judgments of other States.* The limitation of actions upon judgments other than those of courts of record of this State is controlled by section 15 of the Limitation law, and such actions are therefore barred in five years.

7. An action on a judgment or decree rendered by a court of another State, or by the Supreme Court of the District of Columbia, is within this State barred in five years after the cause of action accrues.

8. SAME—*character of judgment.* A judgment of a court of record or decree is an evidence of indebtedness, in writing, of the highest dig-

nity known to the law, but is not of the same character, nature or grade with notes, bonds, bills or written contracts.

9. CONSTRUCTION OF STATUTES — *general words following specific enumeration.* It is a general rule of statutory construction, that general words following an enumeration of particular cases apply to cases of the same kind and description. So a statute enumerating things inferior, shall not, by general words, be so construed as to extend to and embrace those which are superior.

10. SAME—*effect of context.* It is a familiar rule that words of one statute may be required to be enlarged in their meaning, while in another statute the same language may, from the context, be necessarily limited and contracted in its scope and operation.

11. A statute should be so construed as to make it consistent in all its parts, and so that proper effect may be given to every section.

12. PRACTICE—*motion for judgment non obstante veredicto.* Where there is a plea presenting a bar to the plaintiff's right of recovery, and demurrer thereto overruled, a motion by him for judgment *non obstante veredicto* should be denied.

13. SAME—*directing what the verdict shall be.* The court may properly instruct the jury to return a verdict for the defendant, where the evidence, with all the inferences that may justly be drawn therefrom, is so insufficient to support a verdict for the plaintiff that the court would be compelled to set it aside. The court may direct a verdict for the defendant if there is no evidence tending to prove an issue of fact essential to the plaintiff's right of recovery. But such an instruction should be refused if there is conflict in the evidence, and there is evidence tending to prove the plaintiff's case.

14. SAME—*pleading over after demurrer overruled.* If a party pleads over after his demurrer is overruled he will waive the demurrer, and the ruling thereon can not be assigned for error.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JULIUS S. GRINNELL, Judge, presiding.

This was an action of debt, brought July 17, 1885, upon the transcript of a decree of the Supreme Court of the District of Columbia, rendered June 17, 1880, in favor of appellant, and against appellee and one Thomas S. Dickinson, now deceased, for the sum of $667,434.21. The defendant filed five pleas,—first, that the cause of action did not accrue within

five years before the commencement of this suit; second, *nul tiel record;* third, that there was no personal service or appearance of defendant in the court in which the decree was entered, and therefore the court rendering the same had no jurisdiction; fourth, that such decree was obtained by fraud on the part of appellant, consisting in his falsely representing to appellee that he would abandon the suit and take no further steps therein, whereby the latter was induced not to interpose his defense; and fifth, a discharge in bankruptcy, dated November 18, 1876, as to all of appellee's liabilities which existed on November 23, 1871, and his failure to plead the same, induced by and in consequence of the fraud and imposition practiced upon him by appellant, as set forth in the fourth plea. The second and third pleas were afterward withdrawn, and a demurrer sustained to pleas four and five.· A demurrer was overruled as to the first plea. Appellee stood by his fourth and fifth pleas.

By leave the plaintiff filed two replications to the first plea: First, the absence of the defendant from the State when the cause of action accrued, and the bringing of the suit within five years after his return to the State; and second, that after the action accrued the defendant departed from the State of Illinois, and resided in the State of New York, and elsewhere out of this State, from June 27, 1880, for about one year. Issue was taken upon these replications, trial had, and very considerable evidence introduced by the parties to sustain the issues on their respective parts.

Plaintiff asked several instructions, all of which were refused, and the court gave the following instruction:   ·

"The court instructs the jury that the evidence presented in this case is not sufficient to warrant a verdict for the plaintiff upon the issues submitted, and you will therefore find a verdict for the defendant."

The jury returned a verdict accordingly, whereupon the plaintiff moved the court for judgment *non obstante veredicto*

for the amount of the decree, with interest, which motion was overruled. Motion for new trial was also entered and overruled, and the court rendered judgment on the verdict. Exceptions were duly taken to the various orders as they were entered. From this judgment the plaintiff appealed to the Appellate Court, where the judgment was affirmed, and plaintiff below prosecutes this further appeal.

Mr. JAMES R. DOOLITTLE, and Mr. HENRY BOOTH, for the appellant:

As to the cross-error, the court properly sustained the demurrer to the pleas of fraud. *Christmas* v. *Russell*, 5 Wall. 291; *Maxwell* v. *Stewart*, 22 id. 77; *Mills* v. *Duryee*, 7 Cranch, 481; *Embry* v. *Palmer*, 107 U. S. 3; *Bimeler* v. *Dawson*, 4 Scam. 536; *Welch* v. *Sykes*, 3 Gilm. 197; *Lawrence* v. *Jarvis*, 32 Ill. 305; *Lukenboch* v. *Anderson*, 47 Pa. St. 123.

That the limitation of sixteen years governs, and not the five years, see *Bemis* v. *Stanley*, 93 Ill. 390; *Aarvig* v. *Kellogg*, 21 Ill. App. 530; *O'Donnell* v. *Railway Co.* 22 id. 233; *Stelle* v. *Lovejoy*, 23 id. 575.

The judgment was evidence of indebtedness in writing. 2 Bouvier, 424; *Mills* v. *Duryee*, 7 Cranch, 483; *McElmoyle* v. *Cohen*, 13 Pet. 312.

Mr. A. I. AMBLER, *pro se.*

Messrs. STILES & LEWIS, for the appellee:

The plea that the action did not accrue within five years was a good plea, the action being on a judgment of the court of the District of Columbia. *Bemis* v. *Stanley*, 93 Ill. 230; *Stelle* v. *Lovejoy*, 23 Ill. App. 575.

As to rule of construing statutes, construction of general words following a specification of particular things. *St. Louis* v. *Laughlin*, 49 Mo. 559; *White* v. *Ivey*, 34 Ga. 186; *State* v. *McGarry*, 21 Wis. 496; *Sandmian* v. *Beach*, 17 B. & C. 96;

*State* v. *Pemberton,* 30 Mo. 376 ; Sedgwick on Const. and Stat. Law, 361.

There was no error in directing a verdict for defendant. *Randall* v. *Railroad Co.* 109 U. S. 378 ; *Griggs* v. *Houston,* 104 id. 553 ; *Herbert* v. *Butler,* 97 id. 319.

Mr. A. S. BRADLEY, also for the appellee :

An action on a judgment of another State is barred in five years. *Bemis* v. *Stanley,* 93 Ill. 230 ; *Baker* v. *Brown,* 18 id. 92 ; *Van Alstine* v. *Lemons,* 19 id. 394 ; *Rae* v. *Hulbert,* 17 id. 579.

For exception in the Illinois Statute of Limitations on account of non-residence, see *Hyman* v. *Bayne,* 83 Ill. 260 ; *Hubbard* v. *Stearns,* 86 id. 38 ; *Collester* v. *Hailey,* 6 Gray, 517 ; *Haslett* v. *Barrett,* 100 Mass. 168 ; *Langdon* v. *Doud,* 6 Allen, 425 ; *Drew* v. *Drew,* 37 Me. 392 ; *Buckman* v. *Thompson,* 38 id. 171 ; *Venable* v. *Paulding,* 19 Minn. 490 ; *State* v. *Furlong,* 60 Miss. 845 ; *Campbell* v. *White,* 22 Mich. 178.

Mr. C. C. BONNEY, and Mr. LYMAN M. PAYNE, as *amici curiæ.*

Mr. JUSTICE SHOPE delivered the opinion of the Court :

The principal question for consideration in this case is, whether an action on a judgment or decree rendered by a court of another State, or by the Supreme Court of the District of Columbia, is, within this State, barred in five years after the cause of action accrues thereon. This question was decided in the affirmative by this court in the case of *Bemis* v. *Stanley,* 93 Ill. 230. That was an action of debt upon a judgment rendered in the State of Ohio. The defendant pleaded that the cause of action did not accrue within five years next before the action was brought, to which the circuit court sustained a demurrer, so that the precise questions here raised were there presented. The statute then in force was the same as that now in force. We held that the case fell under the fifteenth section of the Limitation act of 1871-72,

in force July 1, 1872, and reversed the judgment of the circuit court for error in sustaining the demurrer and holding that the plea presented a bar to the action. The propriety of that ruling is seriously questioned, and we are asked to reconsider and overrule the decision in that case.

It is claimed that a judgment or decree of a court of record of a sister State, or of a Federal court, is evidence of indebtedness in writing, and that therefore the limitation of actions thereon is ten years, as provided in section 16 of our Limitation act, and it is urged that section 16 was not considered by the court in the determination of *Bemis* v. *Stanley.* It is true, we there said, "the decision of this question involves a construction of sections 15 and 20" of the Limitation law. The construction of those sections was clearly involved, but it by no means follows that the court did not consider other parts of the act. A statute should be so construed as to make it consistent in all its parts, and so that proper effect may be given to every section, clause or part of the act. *Illinois Central Railroad Co.* v. *Chicago, Burlington and Quincy Railroad Co.* 122 Ill. 473; *Hunt* v. *Chicago Horse and Dummy Railway Co.* 121 id. 642; *Steere* v. *Brownell,* 124 id. 29.

The opinion in the *Bemis case* shows, as we think, that section 16 of the Limitation act was within the contemplation of the court. In speaking of section 15 of the act, it was said: "An action brought in this State upon a judgment rendered in another State is undoubtedly a civil action, within the intent and meaning of this section of the statute, and unless some other section of the act has provided a period of limitation to govern the time within which an action shall be brought in this State upon a foreign judgment, then section 15 must control. * * * Our view of the subject is, that section 15 is broad enough to embrace the judgment sued upon in this case; that the suit on the judgment is a civil action, not otherwise specifically provided for, and hence barred in five years by the terms and conditions of the statute."

Section 16 of the act, which is claimed to govern in this case, is as follows: "Actions on bonds, promissory notes, bills of exchange, written leases, written contracts or other evidence of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued." It is said that the words, "other evidence of indebtedness in writing," necessarily include judgments, and therefore the limitation of actions upon such judgments is ten years, instead of five years, as provided in section 15. These words alone, without the words preceding, are clearly broad enough to include judgments and decrees for the payment of money.

We held in *Jefferson* v. *Alexander*, 84 Ill. 278, and perhaps in other cases also, that a judgment is an evidence of indebtedness in writing, from which ruling we find no occasion to recede. It does not, however, necessarily follow that a judgment is such "other evidence of indebtedness in writing" as to be included within the sixteenth section of the statute. It is familiar that words of one statute may be required to be enlarged in their meaning, while in another statute the language may, from the context, be necessarily limited and contracted in its scope and operation. (*Gormley* v. *Uthe*, 116 Ill. 645.) It is also a general rule of statutory construction, that general words, following an enumeration of particular cases, apply to cases of the same kind and description. And so a statute enumerating things inferior shall not, by general words, be construed so as to extend to and embrace those which are superior. (Sedgwick on Const. and Stat. Law, 361; 1 Blackstone's Com. 88; *Woodworth* v. *Paine*, Breese, 374; *Hall* v. *Byrne*, 1 Scam. 140.) In the case last cited a statute allowing a defense denying the consideration in actions on notes, bonds, bills and *other instruments in writing* for the payment of money, etc., was held not to apply to mortgages, the court saying: "Mortgages are clearly instruments of a higher dignity than bonds, promissory notes or bills, because greater solemnity is required in their execution."

A judgment for the payment of money is evidence of indebtedness of the highest dignity known to the law, and unlike the evidence of indebtedness afforded by bonds, bills, leases and written contracts, it imports verity. It operates as an estoppel on the party to deny its truthfulness. In *Rae* v. *Hulbert et al.* 17 Ill. 572, the defendant pleaded a set-off against the judgment sued on, which was disallowed on demurrer. It was contended in that case that the statute allowed a plea of set-off in an action on a judgment. The statute authorized the plea "in any action brought upon any contract or agreement, either express or implied." This court there said: "We can not agree with counsel that a judgment is a contract, within the meaning of the statute. It is the conclusion of the law upon the rights of the parties, and it is not very common that it is entered up by the agreement of the unsuccessful party, but the reverse is generally the case. In this statute the words 'action,' 'contract' and 'agreement' are used in their ordinary sense, and not with the intention of embracing every imaginable litigation upon every cause of action. A judgment is no more a contract than is a tort."

Without pursuing this branch of the subject further, it seems quite clear that a judgment is not evidence of indebtedness in writing of the like character, nature or grade with notes, bonds, bills, written leases or written contracts enumerated in section 16, in advance of the general words which, it is contended, create a bar in actions upon judgments, but are evidences of indebtedness in writing of a higher and superior character. It can not therefore be presumed to have been included with those enumerated of a lesser grade, although the effect may be to exclude such superior evidence of indebtedness from the operation of the act altogether, or to impose a shorter period of limitation under another provision of the statute.

The first section of the act of November, 1849, for which section 16 of the present act is a substitute, reads as follows: "All actions founded upon any promissory note, simple con-

tract in writing, bond, judgment, or other evidence of indebt-
edness in writing, caused or entered into after the passage of
this act, shall be commenced within sixteen years after the
cause of action accrued, and not thereafter." It will be ob-
served that the later statute omits the word "judgment" before
the general clause, "or other evidence of indebtedness in writ-
ing." It is to be presumed that by the change in the phrase-
ology some change was intended to be made in the rule of law,
and would clearly indicate an intention to exclude judgments
from the operation of the later enactment. It can not be
presumed that the omission was accidental, nor can a misap-
prehension of the legislature as to the effect of the change in
the law be inferred. In construing this section it is proper to
consider it with reference to the state of the law before its
adoption. (*Wright* v. *People,* 101 Ill. 126; *Wabash, St. Louis
and Pacific Railway Co.* v. *Binkert,* 106 id. 298.) By the
twenty-fourth section of the act, prior limitation statutes are
expressly repealed. By the fifth section of chapter 66 of the
Revision of 1845, actions of debt on judgments of courts of
record of this State might be brought within twenty years
after the date of the judgment, and not thereafter. Actions
upon other judgments were not specifically limited by that
statute. However, other actions of debt and covenant were
limited, by the fourth section of the statute, to sixteen years
after the cause of action accrued. By the first section of the
act of February 10, (in force April 13,) 1849, actions upon
judgments rendered beyond the limits of this State were lim-
ited to five years after the right of action accrued.

As we have seen, by the first section of the act in force No-
vember 5, 1849, all actions upon "judgments" were required
to be brought within sixteen years after the cause of action
accrued, and not thereafter. By the fourth section of the lat-
ter act so much of chapter 66 of the Revised Statutes of 1845,
and of the act of February 10, 1849, as was in conflict with
that act was repealed. If it be conceded that the general

provisions of section 1 of the act of November, 1849, had the
effect to repeal section 5 of chapter 66, creating the limita-
tion of actions on judgments of courts of record in this State,
and also section 1 of the act of February 10, 1849, relating
to actions on foreign judgments, or judgments "rendered be-
yond the limits of this State," it follows that the limitation of
actions upon all judgments was sixteen years. It is apparent
that section 15 of the present act was passed, in the main, to
take the place of the first section of the act of 1845 and the
second section of the act of November, 1849, with the provi-
sion added in respect of "all civil actions not otherwise pro-
vided for," and limiting the bringing of all such actions to five
years after the cause of action accrued. It is to be observed,
however, that in the earlier act of 1849, judgments rendered
outside of the limits of this State are classed with causes of
action limited by the fifteenth section of the present act to
five years. In neither the act of 1845 nor of November, 1849,
are such judgments specifically mentioned. In the former,
the limitation is of judgments rendered within this State, and
the latter the limitation is of "action on judgments," without
other specifications. The legislature having, by the act of
1871-72, provided a period of limitation of "all civil actions
not otherwise provided for," struck the word "judgment" out
of section 16, as it stood in section 1 of the act of November,
1849, and made no specific limitation in actions on judgments,
whether rendered within or without the limits of the State.

The effect of this legislation was, it seems, to place actions
upon all judgments upon the same footing, and make the like
period of limitation applicable to all. Without distinction,
therefore, they would, there being no other provision, fall
either under section 15 or section 16 of the present statute.
If the legislature intended section 16 to apply, it is inconceiv-
able why the word "judgment" was omitted. It was used in
the act of November, 1849, which is expressly repealed by the
present statute, and expressed the exact intention now attrib-

uted to the legislature by the passage of section 16. Yet it
is omitted from that section, after inserting in a preceding
section of the act a new provision, within which actions upon
judgments would appropriately fall. That actions upon judg-
ments are "civil actions" can not be questioned, and "if not
otherwise provided for" in the act would necessarily be limited
by section 15. In the completion of the revision, the legisla-
ture, in 1873, had its attention again called to the subject,
and after amending section 18 of the act of 1871-72, changed
the limitation of actions upon domestic judgments. By sec-
tion 3 it is provided that actions of debt may be brought on
judgments of courts of record of this State within twenty years
after the date thereof, and not thereafter, thus restoring the
fifth section of the act of 1845 in its exact phraseology.

There is, it is apparent, nothing inconsistent in the legisla-
tion under consideration, with the previous policy of the State.
The third section of the act of 1873, as we have seen, took
judgments of courts of record of this State out of the opera-
tion of the act of 1871-72, and fixed the limitation at twenty
years, leaving actions on judgments rendered outside of this
State, and judgments of courts not of record within this State,
to be governed by section 15 of the latter act.

The case of *Stelle* v. *Lovejoy,* 125 Ill. 352, is not in conflict
with the view here expressed. It was not necessary there to
decide when actions on justices' judgments are barred under
this statute. That was an action on an appeal bond, given
upon appeal from a judgment of a justice of the peace. We
there said: "It might be conceded that actions on the judg-
ment in the justice's court would be barred in a shorter period;
but that fact could not affect the remedy on the covenant"
contained in the bond. We are of opinion that limitation of
actions upon judgments, other than those rendered by courts
of record of this State, are controlled by section 15, and there-
fore barred in five years.

21—139 ILL.

If a party plead over after demurrer overruled, as was here done, the demurrer is waived, and the ruling thereon can not be assigned for error. But the question considered is presented by the order overruling appellant's motion for judgment *non obstante veredicto*. (1 Gould's Pl. p. 474, sec. 31; *Woods* v. *Hynes*, 1 Scam. 103.) The plea presenting a bar to the right of recovery, the motion was properly overruled.

The action of the court in withdrawing the case from the jury is also assigned for error. The replications to the plea presented proper issues of fact to be submitted to the jury, and the plaintiff was entitled to have a finding upon such issues, if the evidence tendered by him tended to sustain them. The court may properly instruct the jury to return a verdict for the defendant, when the evidence, with all the inferences that may be justly drawn therefrom, is so insufficient to support a verdict for the plaintiff that the court will be compelled to set it aside. Thus, the court may direct a verdict for the defendant if there is no evidence tending to prove an issue of fact essential to the right of recovery of the plaintiff. (*Alexander* v. *Cunningham*, 111 Ill. 511; *Chicago and Alton Railroad Co.* v. *Carey*, 115 id. 117; *Continental Life Ins. Co.* v. *Rogers*, 119 id. 478.) But such an instruction is properly refused if there is conflict in the evidence, and there is evidence tending to prove the plaintiff's case. *Chicago, Milwaukee and St. Paul Railway Co.* v. *Krueger*, 124 Ill. 457; *Doane* v. *Lockwood*, 115 id. 494.

With the view of determining the correctness, or otherwise, of this instruction, we have considered the evidence given at the trial, and without entering upon a discussion of its weight and effect, we are of the opinion that the court erred in directing a verdict for defendant. We are not required to pass upon the preponderance of evidence, nor was the trial court. For the court to do so would be to invade the province of the jury, and in effect destroy the right of trial by jury. An examination of this record will show that there was evidence from

which, if uncontradicted, the finding might well have been for the plaintiff. It is shown that appellee transacted business in New York City within the period of limitation, requiring his presence in that city for considerable portions of time, and also his repeated admissions and declarations that he resided there. It is true, there is countervailing testimony which may be sufficient to overcome the case thus made by the plaintiff; but to determine that it does or does not, necessitates weighing and considering the evidence, and depends upon whether it shall be found that the preponderance is upon the one side or the other. In every such case the right of trial by jury may not be taken away, although the court may feel that a new trial may properly be awarded.

Appellee has assigned cross-errors, questioning the propriety of the ruling of the court in sustaining the demurrer to his fourth and fifth pleas, which should be considered. These pleas allege that appellee was prevented from interposing a meritorious defense, as he could have done in the original proceeding, by the fraudulent acts and deception of appellant in leading appellee to suppose that the prosecution of that suit was abandoned. It is not necessary here to consider what defenses may be interposed in actions upon foreign judgments, for the reason that in this respect this judgment is to be treated as a domestic judgment. It has the same conclusive effect as a judgment of a court of record of a sister State. The rule that judgments of a competent court in a sister State are conclusive on the merits, extends equally to decrees in chancery, (*Dobson* v. *Pierce,* 12 N. Y. 156,) and judgments and decrees of the Federal courts are entitled to the same degree of faith and credit as those of State courts. *Ruegger* v. *Indianapolis and St. Louis Railway Co.* 103 Ill. 449; *Embrey* v. *Palmer,* 107 U. S. 3; *Creston City Live Stock Co.* v. *Butchers' Union Co.* 120 id. 141; *Dudley* v. *Lindset,* 9 B. Mon. 486; *Harrison* v. *Phœnix Ins. Co.* 83 Ind. 575.

In *Rae* v. *Hulbert et al.* 17 Ill. 572, we held, quoting from *Welch* v. *Sykes*, 3 Gilm. 199, that "under the constitution of the United States, and the laws made in pursuance thereof, the judgments *in personam* of the various States are placed' on the footing of domestic judgments, and they are to receive the same credit and effect, when sought to be enforced in the different States, as they, by law or usage, have in the particular States where rendered." And we held that we were required to treat and give the same effect to the judgment there under consideration as if rendered in this State, or as if that were a proceeding in the State of New York, where the original judgment was rendered. *Mills* v. *Duryee*, 7 Cranch, 481; *Rennard* v. *Abbott*, 116 U. S. 277.

Under the rule thus announced, a judgment valid and conclusive in the courts of the State where it is rendered will be enforced in the other States upon the same footing as domestic judgments, within such period of limitiation as may be prescribed in respect of such judgments by the law of the State where it is sought to be enforced. The prevailing doctrine is, that a plea of fraud is not admissible in actions on judgments of sister States, where there was jurisdiction of the person and subject matter, unless it can be set up in the court of the State rendering the judgment. The judgment in such case is not void, but voidable only. *Anderson* v. *Anderson*, 8 Ohio, 108; *Bicknell* v. *Field*, 8 Paige, 440; *McRae* v. *McCoombs*, 13 Pick. 53; *Sanford* v. *Sanford*, 28 Conn. 6; *Benton* v. *Burget*, 8 S. & R. 240; *Granger* v. *Clark*, 22 Me. 128; *McDonald* v. *Brew*, 64 N. H. 547. The Supreme Court of the United States has also held that a plea of fraud in obtaining the judgment can not be interposed in an action thereon. *Christmas* v. *Russel*, 5 Wall. 290; *Maxwell* v. *Stuart*, 22 Wall. 77.

In *Hanley* v. *Donoghue*, 116 U. S. 242, it is said: "Judgments recovered in one State of the Union, when proved in the courts of another, differ from judgments recovered in a foreign

country in no other respect than that of not being re-examinable upon the merits, nor impeachable for fraud in obtaining them, if rendered by a court having jurisdiction of the cause and of the parties."

Domestic judgments, and those standing upon the like footing, import verity, and public policy forbids their indirect and collateral contradiction or impeachment. If a party has been overreached, the law furnishes him ample remedy to avoid the consequences of the fraud in the court and jurisdiction where the judgment or decree is rendered. If appellant sought to take judgment contrary to his representations and assurances, appellee might have appeared in that court, by himself or solicitor, and prevented its consummation; or if, by the fraud of appellant, he was prevented from interposing his defense before the decree was entered, he might and should have applied to that court for its vacation, and to be let in to defend on the merits. (*Rae* v. *Hulbert, supra.*) We are aware that in some of the earlier cases in this State there seems, in effect, to be a contrary holding, but the rule stated is, we think, as applicable to the courts of law, supported by the weight of authority.

The pleas under consideration do not question the jurisdiction of the Supreme Court of the District of Columbia of the subject matter or of the person of the defendant. If it be conceded that the pleas are in other respects sufficient, they do not contain matter that can be interposed to defeat recovery upon the judgment, and the demurrer was therefore properly sustained.

For the error in instructing a finding for the defendant, the judgments of the Appellate and circuit courts must be reversed, and the cause is remanded to the circuit court for re-trial.

*Judgment reversed.*