## Tuttle v. The C., R. I. & P. R. Co.

1. **Negligence:** PRESUMPTION OF: CARE REQUIRED. Proof of the occurrence of an accident which, under ordinary circumstances, would not have happened if due care had been exercised, raises a presumption of negligence, and to rebut this presumption the defendant must show that in the selection and operation of the machinery which caused, or contributed to, the accident, he used due care, skill, and prudence, but he is not required to furnish a satisfactory explanation of the cause of the accident to relieve himself from liability.

*Appeal from Polk District Court.*

THURSDAY, APRIL 18.

THE plaintiff claims of defendant the sum of five thousand dollars, on account of injuries sustained on defendant's road. About the last of October, 1872, the plaintiff was a passenger on the defendant's train, consisting of four coaches. Just after the train left Peru Station, in Illinois, the two rear cars

separated from the balance of the train, which ran ahead a distance of some thirty feet from the detached cars, and was stopped. The rear cars approached and came in contact with the front portion of the train, with such violence, it is claimed, as to severely injure the plaintiff. There was a jury trial, resulting in a verdict for plaintiff for two thousand five hundred dollars. The defendant appeals.

*Wright, Gatch & Wright,* for appellant.

*Phillips, Goode & Phillips,* for appellee.

DAY, J.—The defendant filed an amendment to the answer, alleging that, at the date of the alleged accident, and at the time of the commencement of this suit, the plaintiff was, and still is, a married woman, and that she ought not to maintain this action in her own name. The plaintiff demurred to this amendment. The demurrer was sustained. From this ruling, and others, the defendant appealed. This court held that this ruling was proper, but reversed the cause on other grounds, and remanded it for a new trial. See 42 Iowa, 518. The cause having been retried, appellant insists now upon the same objection, and urges, with much earnestness and ability, that this court was in error in holding, upon the former appeal, that a wife may sue alone for a tort committed against her. We do not understand that this question is now properly before us for consideration. The question of the right of the plaintiff to maintain this action, without uniting her husband with her, was settled upon the former appeal. That question was not presented to, or passed upon by, the court below upon the second trial. As no action was taken by the court below on this question, in the trial from which this appeal is prosecuted, there has been no ruling upon this question which we can review.

II. The cause was reversed on the former appeal, for the reason that plaintiff was allowed to recover on account of

loss of time, and expenses incurred and paid by her husband. Upon the retrial the defendant asked the court to instruct the jury as follows:

"12.   Plaintiff cannot recover in this action for loss of time, loss of service, nor for any money paid to physicians by the husband in and about her claimed illness and injury.

"13.   In this case the jury have nothing to do, in estimating damages, with any question of loss or injury to the husband, and hence they will not consider his loss of the society of the wife, nor the loss of her services, nor any expenses, inconvenience or loss to which he may have been put or exposed.

"14.   That the husband would be liable for physicians' bills, and not the wife, and hence, for any such liability, if such bills are unpaid, she could not recover in this action."

These instructions contain the law as announced on the former appeal.   Appellant, however, concedes that plaintiff, in the court below, made no claim of right to recover for expenses or loss of time.   The abstract does not show that any evidence was introduced bearing upon these questions. The court instructed the jury that the measure of plaintiff's damage "will be such an amount as, under all the facts and circumstances of the case, as shown by the testimony, you may believe will fully and fairly compensate or pay her for all bodily pain and suffering, if any, endured or to be endured by her, and produced by the injury, and for all mental anguish, if any, suffered and to be suffered by her, and caused by the injury, as well as all other losses which she has sustained, or will hereafter sustain, as a direct, certain and proximate consequence or result of the injury received by her."   This instruction undertakes to state the measure of plaintiff's damage.   Whatever is not included in this instruction is, by implication, excluded from consideration.   This instruction limits the recovery to matters personal to the wife.   It negatives the idea that anything can be recovered on account of any loss sustained by the husband.   When we consider, in addition to this, the fact that no proof was introduced of any

loss of time by the wife, nor expense incurred on account of the injury, we think it becomes apparent that no substantial prejudice could have resulted from the refusal of the instructions asked.

III. The defendant introduced testimony that there was in use upon this train the Miller coupling, regarded by railroad men generally as the best in use; that these couplers are not liable to uncouple; that the coupler in question had not been used more than a year, and was examined about fifteen miles from where the accident occurred, and found in good condition; that after the separation it was again examined, and nothing discovered to be out of order; that the wedge which holds the bars was properly in place; that the cars coupled themselves when they came in contact, and proceeded to Chicago without further trouble. No witness undertook to account for the uncoupling of the train. The court instructed the jury as follows: "While the burden of proof is upon the plaintiff to show the negligence of defendant, yet, if you find from the evidence that an unusual, extraordinary and dangerous accident occurred, to the injury of plaintiff, which would not have taken place, under ordinary circumstances, had the defendant and its employes at the time been exercising due care, prudence, skill and watchfulness; and if you further find that the cause of the accident was and is unknown to plaintiff, then it devolves upon defendant to satisfactorily explain the accident, and, in the absence of such explanation, negligence will be presumed against it."

1. NEGLIGENCE: presumption: care required.

We think this instruction was calculated to mislead the jury to the defendant's prejudice. It is true that where a dangerous accident occurs, which, under ordinary circumstances, would not have happened had the defendant and its employes exercised due care, prudence and watchfulness, proof of such an accident, with its attendant circumstances, raises a presumption of negligence, and the burden of proof is then cast upon the defendant to rebut this presumption. To this end defendant must show that in the selection and operation

of the machinery which caused, or contributed to, the accident, it used due care, prudence, skill and watchfulness. This is as far as, upon any well recognized legal principle, the burden of proof can be cast upon the defendant, and is as far as any adjudication, to which we have been referred, has gone. Appellee relies upon *Oarpue v. London Ry. Co.*, 48 English Common Law Reports, 747. In this case Lord Denman charged the jury at *nisi prius* that they must be satisfied that the accident had been brought about by the negligence of the defendants in the course of carrying the plaintiff upon the railway, and that it having been shown that the exclusive management, both of the machinery and the railway, was in the hands of the defendants, it was presumable that the accident arose from their want of care, unless they gave some explanation of the cause by which it was produced; which explanation the plaintiff, not having the same means of knowledge, could not reasonably be expected to give. In the Court of Queen's Bench the case was decided solely upon the question whether the defendants were entitled to notice under the act for their incorporation. No reference whatever was made to this charge. The language employed in it cannot be regarded as authority for the doctrine contended for.

In this case, upon proof that the train uncoupled, a presumption may arise that there was negligence, either in the selection of the coupler or in the management of it, for it may be presumed that a coupler of approved pattern, properly managed, would not uncouple. Hence, proof of the fact of uncoupling may cast upon the defendant the burden of proving that the coupler was of a proper kind, and was carefully managed. If the instruction had not gone farther than this it would not have been objectionable. But the court instructed the jury that, upon proof of such an occurrence, it devolved upon the defendant, not to prove that it exercised due care in the selection and operation of the coupler, but to satisfactorily explain the accident, and that, in the absence of such explanation, negligence will be presumed. In other words, when

such an accident is proved to have occurred, the defendant can relieve itself from liability for the accident only by furnishing a satisfactory explanation of it. Many accidents occur which are not susceptible of satisfactory explanation. An iron bridge which has, without apparent injury, sustained a heavy freight train, suddenly gives way under a much lighter passenger train. A train may pass over a road in safety one day, and the next, without any apparent cause, may be precipitated into the ditch. A car wheel of approved manufacture, and without any apparent flaw, suddenly breaks down. An old revolver, that has been knocked around for half a dozen years, and been snapped a hundred times, finally goes off and occasions death. These things are all inexplicable. And yet, under the doctrine announced in this instruction, a railroad company, which could not satisfactorily explain why a bridge broke down, or a train jumped the track, at a particular time, would lie under the imputation of negligence, notwithstanding it might show the exercise of the highest degree of care in the construction of the road, the bridge, and the operation of the train. The law, properly construed and administered, does not impose any such unreasonable condition.

REVERSED.