# John McGregor v. Reid, Murdoch & Co.

1. MASTER AND SERVANT.—*Care in the Construction and Operation of Elevators.*—An employer is bound to exercise great care and caution, both in the construction and operation of an elevator, but the law does not require him to guarantee to his employes the prudence, skill and fidelity of those from whom he obtains the machinery and appliances, or the strength and fitness of the material they have used.

2. SAME—*Injuries Occasioned by Defective Elevators.*—Where a person sues for personal injuries received by the falling of an elevator, the question is not as to whether the elevator was or was not defective when the accident occurred, but whether the appellee was guilty of a neglect of duty creating a liability for the injury; and if the whole evidence, that of the plaintiff and that of the defendant, raises no issue of fact upon the question, there can be no controversy of fact for the jury to determine. The question of liability is one of law for the court.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court, First District, at the March term, 1898. Affirmed. Opinion filed June 21, 1898.

## STATEMENT.

This is an action to recover for personal injuries received by appellant while in the employ of appellee, a corporation. His duties required him to receive merchandise as it came in to the appellee's store, and take it up in an elevator to the place where such merchandise was to be kept. He had been so engaged about a year. In November, 1894, while riding up in the elevator with a truck load weighing less than a thousand pounds, the elevator dropped from about the height of the third floor, injuring appellant. The accident appears to have been caused by the pulling out of the two wire cables from their socket attachments. These had been put in some time in April preceding. The work was done by a firm of good standing in that line of business. The car was equipped with safety appliances intended to prevent the elevator from dropping should the cables part or give way. These appliances consisted of "dogs" set by a spring for the purpose of releasing a lever in order to set the teeth of the dogs into the side of the elevator slide.

These dogs failed to work because, it is said, there was too much play on each side of the car to enable the teeth to catch.   The elevator was regularly inspected twice a year by the city, and four times a year by experts employed at the instance of appellee.   It had been inspected three times after the new cables were put in, and prior to the accident.

WING, CHADBOURNE & LEACH, attorneys for appellant.

WALKER & EDDY, attorneys for appellee.

MR. JUSTICE FREEMAN, after making the foregoing statement, delivered the opinion of the court.

At the conclusion of the plaintiff's case, the defense introduced evidence tending to show that the elevator in question had been frequently inspected previous to the accident by parties who were engaged in that business, and it appeared from the testimony introduced on the part of the plaintiff that the new cables had been put in immediately after, and because an inspector had condemned the old ones formerly in use.   This work was done under contract by a firm regularly engaged in that line of business, and the testimony of one of plaintiff's witnesses is that it is "a large firm with a good reputation."   It appears that the cables pulled out of their sockets because of some imperfection in the workmanship.   But the witness says there was no way of discovering this imperfection after the cables were put in.

There is no controversy over the material facts.   Appellee employed parties whom it had every reason to suppose were competent in every way to put in the cables.   It had made use of the best safety appliances.   It had procured frequent inspections to be made by experts in addition to the inspections made by city officials.   Appellee was bound to exercise great care and caution both in the construction and operation of the elevator, but the law did not require it to guarantee to its employes the prudence, skill and fidelity of those from whom it obtained the machinery and appliances, or the strength and fitness of the material they used.   (See Cooley on Torts, p. 567.)   If appellee has used a very high

degree of care in providing the machinery and appliances for this elevator, it is not liable. Allerton Packing Co. v. Egan, 86 Ill. 253.

It will be seen that appellee did not undertake in this case to manufacture or erect this elevator with workmen acting under its direction. It employed independent contractors, both to put in the cables and also for inspection. No inspection made by itself or its own employes would, according to the testimony on the part of the plaintiff, have revealed the defect in the method of putting the cables in the sockets. No knowledge whatever of the defect on the part of the appellee appears in evidence. Under these circumstances it is difficult to find any ground of liability. Devlin v. Smith, 89 N. Y. 470.

It is said the trial court erred in directing the jury to find a verdict for appellee, and appellant urges that in considering whether this was proper or not, this court must disregard all of the appellee's evidence, and must ignore the inspection certificates introduced by the defense.

Appellant's counsel concedes that appellee was not an insurer of this machinery, but says that the proof of the falling of the elevator makes out a *prima facie* case, which should have gone to the jury, allowing the appellee " to prove, if it could, that the accident was not its fault."

The question is not as to whether the elevator was or was not defective, and hence the accident occurred, but it is whether the appellee was guilty of any neglect of duty creating liability for the injury; and if the whole evidence, that of the plaintiff and that of the defendant, raises no issue of fact upon that question, then there was no controversy of fact for the jury to determine, and the question of liability was one of law for the court. Ambler v. Whipple, 139 Ill. 311–322.

The evidence of the inspection certificates was corroborative, not contradictory, of testimony given on the part of the appellant.

No error was committed in directing the jury to find appellee not guilty, and the judgment of the Superior Court is affirmed.