Metropolitan West Side El. R. R. Co. v. Elizabeth Mc-Donough.

87    31
95    495

87    31
j112    241

1. Corporations—*Liability for the Acts of Contractors, etc.*—Where the construction of an elevated railroad is done by a contractor, or his sub-contractors, under the direction and supervision of the engineer of the company, and a person while passing along the street underneath the structure, in the exercise of ordinary care for his safety, is injured by a bolt falling from the structure overhead, causing an injury, proof of such injury makes a *prima facie* case of negligence, which it is incumbent upon the company to explain.

Error to the Circuit Court of Cook County; the Hon. JOHN C. GAR-
VER, Judge, presiding. Heard in this court at the March term, 1899.
Affirmed. Opinion filed February 5, 1900.

**Statement by the Court.**—Defendant in error brought
an action in case against plaintiff in error to recover dam-
ages for an injury caused by the falling of an iron bolt
from its elevated railroad where it crosses over Morgan
street, in the city of Chicago, at an elevation of about
twenty-three feet above the street, and recovered a verdict
and judgment of $2,500, from which this writ of error is
prosecuted. The declaration as originally filed alleges in
substance that the railroad company negligently permitted
certain large bolts to remain loose on top of its structure,
permitted certain children to go up on top of said structure
and play with said bolts, and that the children carelessly
permitted one of the bolts to drop and strike defendant in
error, thus causing the injury complained of. Afterward,
by amendment, the Carnegie Steel Company, Limited, John
G. Wagner and the Milwaukee Bridge and Iron Works
were made parties defendant, and all the papers were
amended charging them as defendants accordingly, but it
does not appear that process was ever served on the latter
two defendants, or that they ever appeared in the cause.

Three additional counts were afterward filed, in the first
of which it is alleged, in substance, that the Railroad Com-
pany was the owner of certain franchises for an elevated
railroad, was constructing the same along its right of way
across Morgan street, and made a contract with the Steel
Company to construct the railroad for the Railroad Company;
that the Steel Company afterward entered into a contract
with Wagner and the Iron Works by which the last named
defendant agreed to do certain iron work necessary in the
construction of the railroad; that after a part of the structure
had been erected across Morgan street, and while all the de-
fendants were in possession and control of that part of the
structure, they negligently, etc., permitted a certain large
bolt to remain loose on top of said structure over one of
the public sidewalks on Morgan street, and negligently,

etc., permitted certain young children to be and remain on top of the structure over said street, and while plaintiff, in the exercise of due care, was walking along said sidewalk, said children negligently permitted to be and remain on said structure, negligently, etc., caused and permitted said bolt to fall from said structure, thus causing the injury, etc.

The second additional count, after setting up the contracts as above mentioned, and that the Railroad Company was constructing its road, makes the same charges as to the bolt, the children and the falling of it, causing the injury, but does not charge that the Railroad Company had anything to do with the falling of the bolt, except that it was constructing its railroad through the other defendants.

The third additional count, after setting up that the Railroad Company was the owner of the right of way for an elevated railroad, as described in the other counts, and the contract between it and the other defendants, as described in the first additional count, alleges that all the defendants were in possession and control of the said elevated structure and that while plaintiff was, with due care, walking along the sidewalk on Morgan street, under said structure, they negligently, etc., permitted a certain large bolt to fall from the structure, which struck plaintiff on the head, causing the injury, etc.

A trial was had before the court and jury upon pleas of the general issue by the Railroad Company and the Steel Company, to the original declaration and additional counts, and at the close of all the evidence the Steel Company was, upon its motion and by direction of the court, found not guilty by the jury. A similar motion by the Railroad Company was overruled by the court, and thereafter, the case having been submitted to the jury upon instructions asked upon behalf of the Railroad Company, the jury rendered a verdict finding "the defendants guilty," and assessing the plaintiff's damages at $2,500. On this verdict judgment was rendered against the Railroad Company alone.

Numerous instructions were given to the jury, at the re-

quest of the Railroad Company. Some requested were modified and given as modified, and others requested were refused. No instructions were given on behalf of the plaintiff.

The evidence shows that the Railroad Company was authorized by ordinance of the city of Chicago to construct its railroad in question through the city and across Morgan street, and it was admitted on the trial the Railroad Company owned the land and right of way upon which the railroad was built, so far as necessary to be considered in this case, except that part included in Morgan street.

It also appears that the Railroad Company in 1892 made a contract with one Walcott for the construction and equipment of its railroad, subject to examination and approval of the engineer of the Railroad Company. This contract was, by the assent of the Railroad Company, assigned to the West Side Construction Company, a corporation, and the Construction Company thereafter made a contract with the said Steel Company to furnish the material and erect the superstructure of the said railroad, the work to be done under the direction and inspection of the chief engineer of the Railroad Company and in strict conformity to plans and instructions as should from time to time be given by said engineer, and that the work should be pushed forward by as many plants and gangs of workmen and at as many points along the lines as might be directed by said engineer, and the Steel Company thereby undertook and agreed to indemnify the Railroad Company against all loss or damages for or by reason of, among other things, claims of persons by reason of accidents, and from damages sustained by depositing materials to the injury of any person or persons.

It also appears that the F. J. McCain Company laid the rails upon said structure across Morgan street under a subcontract with said Construction Company; that the Steel Company erected the steel work upon which the rails were laid and the railroad operated; that the Railroad Company had nothing to do with the construction of its railroad, except as provided by the terms of the contract between the Construction Company and the Steel Company, as above

referred to, and did not operate its cars until long after the injury to plaintiff.

The plaintiff, besides testifying to the nature and extent of her injuries, testified as follows :

" On June 6, 1894, I was injured on Morgan street; on the east side of Morgan street. I was walking north to take the Van Buren street car. I was on the south end of the elevated structure, just going under it, going north on the east side of the street. The elevated railway was over the street at that point, about twenty-three feet above the street. As I was walking under I was struck with a bolt. That is the bolt. (Witness shown bolt.) It weighs about two pounds and a couple of ounces, maybe two pounds and a half. I have kept it ever since. The bolt came from the railroad." * * * " I didn't before or after the accident notice whether any person or persons were on top of the elevated railroad at that point. I didn't notice anybody on there. I didn't notice when I was under there."

Cross-examination :

" This bolt fell from the elevated railroad. There are two tracks there. They were not operating the road all that time. It was the track on the south end where the bolt fell and hit me. I was on the east side of Morgan street. The bolt came from the elevated railway. I didn't see this bolt drop, and didn't know it was there until I was struck. I was unconscious." She also said, " There was a gentleman came to my assistance, and he insisted on my taking that bolt home. He said it was the bolt that struck me."

No objection was made to this evidence.

The engineer of the Construction Company, among other things, testified that at Morgan street the railroad was a four track structure; that the bolt in question " is what is known as a guard rail bolt. It is used as part of the track construction." * * * " In June, 1894, all the structure was up. The tracks were laid at that particular point. It was all cleared up. I meant that it was entirely finished, ready for operation at that particular point. Everything was ready. At that time men were employed at various points erecting the iron structure." He also says that the men were working east of Morgan street, and had reached

a point four or five blocks beyond that point; that the Steel Company had possession or was one of the parties in possession of the structure at Morgan street; that their work had not been accepted by the Construction Company; also that the Construction Company was an entirely separate company from the Railroad Company, and that at the time in question the rails extended eastward from Morgan street, somewhere east of Halsted street, about three blocks. He also says that at the time in question, if anybody had possession of the railroad structure at Morgan street, it was the Construction Company; that the McCain Company did the track laying, which required the use of the bolt in question, and at the place in question there was no work remaining to be done at this point which required the use of a bolt like the one in question; also that the Railroad Company had nothing to do as to the making of sub-contracts or the hiring of servants or employes of the Construction Company or of its sub-contractors.

Ethel Adams testified that she saw the bolt in question fall from the elevated railroad on Morgan street, and in response to the question as to whether she saw any person or persons upon the elevated railroad, answered, " I did. There were two boys up there. They were out about in the center of the street; above the center of Morgan street. They were large boys. I did not notice what they were doing."

There was no other evidence as to how defendant in error was injured, nor as to the circumstances attending it, nor as to the connection of plaintiff in error or its contractors or sub-contractors therewith. The plaintiff in error offered no evidence.

IRA C. WOOD and ADDISON L. GARDNER, attorneys for plaintiff in error; W. W. GURLEY, of counsel.

JAMES C. McSHANE, attorney for defendant in error.

MR. JUSTICE WINDES delivered the opinion of the court. It is claimed that there was error, first, in entering judg-

ment upon the verdict finding " the defendants guilty;" second, in refusing certain instructions and in modifying others; third, that the verdict is contrary to the evidence; and fourth, that defendant in error was not entitled to recover under the law and the evidence.

Under the last contention it is claimed that the Railroad Company had nothing to do with the construction of the road, except to determine how much had been done from time to time, until long after the accident, and that the servants of the sub-contractor were not the servants of the Railroad Company.

The facts in this case, as will be seen from the foregoing statement, in so far as this contention is concerned, are analogous to the facts in case No. 8540, between this Railroad Company as plaintiff in error, and one Dick, defendant in error (p. 40, this volume). We refer to the opinion in that case by Mr. Justice Adams (speaking for the court), for a full discussion, review of the authorities, and a decision of this question.

There was no error of which the Railroad Company can complain in the entry of judgment against it on the verdict of the jury finding " the defendants guilty." As we have seen, the Steel Company, under the direction of the court, was found not guilty prior to the final verdict, and the other two defendants in the case do not appear to have been served with process, and were not before the court by appearance or otherwise. The error, if one, did no injury to the Railroad Company, and was therefore without prejudice.

The court refused the fourth instruction as asked by plaintiff in error, as follows :

" The jury are instructed that the burden is upon the plaintiff in this case to prove what caused the bolt in question to fall. Therefore, if the plaintiff has failed to prove by the evidence in this case what caused the said bolt to fall, and that the said bolt was caused to fall by the negligence of the defendant, The Metropolitan West Side Elevated Railroad Company, then the jury should find the defendant, The Metropolitan West Side Elevated Railroad Company, not guilty."

But the court modified it by striking out · the words, "what caused the bolt to fall, and that the said bolt was caused to fall through or by reason of," and inserted in lieu thereof, the words, "that the said bolt fell through or by reason of." We see no error in the modification as made by the court. It was not necessary for the jury to find what caused the bolt to fall in order to charge the Railroad Company with negligence. It was enough, as will be shown later, as to this point, for the jury to find that the bolt fell, and it was for the Railroad Company, in order to shield itself from the charge of negligence, to explain why it fell. This was not attempted.

The court refused to give the eleventh and twelfth instructions asked by plaintiff in error. They need not be set out, as the eleventh is, in substance, covered by the first and second instructions given on behalf of plaintiff in error, and the substance of the twelfth is covered by the first, second, third and fourth instructions given.

The court refused to give instructions numbered thirteen and fourteen, asked by plaintiff in error, which are as follows:

"13.  The jury are instructed that to enable the plaintiff to recover in this case, it must appear, by a preponderance of the evidence, that the negligent act or acts complained of were the proximate cause of said injuries. Therefore, if the jury believe from the evidence that the negligent act or acts complained of were not the proximate cause of said injuries, that is, that said acts were such that the injury to plaintiff might not have been foreseen or expected as a result thereof, then the jury should find the defendant not guilty.

"14.  Even if the jury believe from the evidence that the defendant, the Metropolitan West Side Elevated Railroad Company, was guilty of negligence, as charged in the declaration, yet, if the jury believe from the evidence that subsequently to such negligent acts a new cause intervened sufficient to stand as the cause of the injury complained of, then the former must be considered too remote, and the jury should find the defendant, Metropolitan West Side Elevated Railroad Company, not guilty."

There was no error in refusing the thirteenth instruction

for two reasons: First, because it is in substance covered by instruction number one given, and, second, because the definition therein contained of proximate cause is not accurate.

We think there was no error in refusing the fourteenth instruction, because there is no evidence of any new and intervening cause on which to base the instruction in that regard. The evidence as to two boys on the structure is not sufficient to show a new and intervening cause.

We are of opinion that the evidence of negligence on behalf of plaintiff in error was sufficient to justify the court in submitting the case to the jury, and we can not say that the verdict is manifestly against the evidence in that regard. No claim is made, and none could be made under the evidence, that defendant in error did not exercise ordinary care. There is no evidence from which it can be said that the boys seen on the elevated structure caused the bolt to fall. The only witness who testifies to having seen them, says they were about in the center of the street, above the center of Morgan street, and thus they were necessarily quite a distance from where the bolt was which fell upon defendant in error. Besides, it is not shown what they were doing. And even if this were not so, it appears from the evidence that the bolt in question was such as was used in the track-laying, which was done by the sub-contractors, for whose actions the Railroad Company is responsible. The jury was justified from the evidence in finding that the bolt must have been left lying loose upon the elevated structure, and that so doing was a negligent act, and that it was also negligence of the sub-contractors as well as that of the Railroad Company, under the supervision and direction of whose engineer the work was done, in not keeping boys off the structure, where they were liable to knock down anything lying loose upon the structure. Moreover, we think the jury was justified in finding from the evidence, which shows that the workmen were engaged in track-laying at about three blocks distant from the place of the accident, that the bolt was caused to fall by some

jarring of the structure—either by the operation of heavy machinery used in hoisting the rails, or by the striking of large and heavy sledges by the workmen upon the structure in the process of the track-laying, either of which things, common experience with work of this character teaches, is the usual, natural and ordinary course of procedure.

But if we are wrong in all these respects, still we are of opinion, the evidence showing, as it does, that the construction of the railroad was done by the contractor or his sub-contractors under the direction and supervision of the engineer of plaintiff in error, that this bolt was such as was used in the track-laying at the point in question; that defendant in error was passing along the sidewalk of Morgan street, in the exercise of ordinary care for her safety, and the bolt fell upon her from the railroad structure, causing the injury; this proof made a *prima facie* case of negligence, which it was incumbent on plaintiff in error to meet, and explain how the bolt came to fall. This explanation was not made, and in its absence we think the jury was justified in finding the verdict of guilty. R. R. Co. v. Cotton, 140 Ill. 486; Hart v. Washington Pk. Club, 157 Ill. 14, and cases cited; Lowery v. Manhattan Ry. Co., 99 N. Y. 158; Volkmar v. Manhattan Ry. Co., 134 N. Y. 418, and cases cited.

Being of opinion that there is no reversible error in the record, the judgment is affirmed.