## Philip D. Armour and Jonathan O. Armour v. Julianna Golkowska.

1. RES IPSA LOQUITUR—*Where the Doctrine Applies.*—Where an employe in a packing house, while at work at a table trimming meat, was injured by the fall of an empty barrel from a platform above her, and there is no evidence by way of explanation as to how the barrel came to fall, the doctrine of *res ipsa loquitur* applies.

2. SAME—*Application of the Doctrine.*—When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed June 20, 1901.

A. R. URION and A. B. STRATTON, attorneys for appellants.

IVES & TONE and H. M. ASHTON, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee recovered a verdict against appellants in the Superior Court of Cook County for $1,000 for personal injuries which she suffered while working as their employe in appellants' packing house at the Union Stock Yards, Chicago, on which judgment was rendered, from which this appeal is taken.

At the close of plaintiff's evidence and also at the close of all the evidence, counsel for appellants asked the court to instruct the jury to return a verdict of not guilty, which requests were denied.

A motion was made by appellants to strike from the files a brief of appellee, filed January 28, 1901, pursuant to leave granted by the court, when the case was taken, allowing appellee to reply to certain additional cases cited by appellants in their reply brief. The motion must be allowed for the reason that appellee's counsel, under this leave of court,

have filed a brief in which they have re-argued the case instead of confining the brief to answering the new cases cited by appellants' counsel.

No complaint is made as to procedure in the trial court nor as to the amount of the judgment, and the only question to be considered, as to the merits of this appeal, is whether the case should have been taken from the jury.

In substance it appears from the evidence that appellee, a young woman, had for about one year prior to her injuries, which were sustained July 16, 1898, been working as an employe of appellants in their packing house at the Stock Yards in Chicago, trimming meat on the top floor of the building. She worked at a bench or table during all this time, at which several other girls also worked engaged in trimming meat. About nine feet above this bench was a platform or deck, the edge of which projected over the bench to about the middle. The meat which appellee and the other girls were trimming was conveyed from the cutting floor of the building to the upper portion of the room where appellee worked by means of a carrier along the edge of this platform, above the center of the bench, and about on the same level with the platform. When appellee or the other girls wanted meat to trim, it was let down from the carrier through chutes to the bench by means of levers, which they operated by hand, and thus moved doors or plates in the carrier through which the meat passed into the chutes. It appears that there were two barrels, if not more, upon this platform, one of which, a sugar barrel that was empty and had been used for putting pickled meat in, fell from the platform and struck appellee upon the head while she was engaged at her work trimming meat, causing her a serious injury. There was no railing, guard or protection of any kind along the edge of this platform, and it does not clearly appear from the evidence what use was made of it or why barrels at this time, or any other time, were upon it. Some 250 employes of appellants were at work in different capacities in the same room where appellee was engaged, and it is not shown that any other person

than appellants' employes was in the room at the time of the accident. What caused the barrel to fall does not appear —only that it came off the platform—" came tumbling off of another one," as one of the witnesses states. Also, that " it gave an awful bound first, and with that bound it bounced on her head," as the same witness further states. If the barrel which caused the injury came tumbling off of another barrel on the platform, and it came with an awful bound, some agency must have caused this movement of the barrel. The occurrence was in the room of appellants' packing house where 250 of their employes were engaged at their work, and it is safe to assume, the building being in appellants' possession and used for their work, that some one of these employes caused the barrel to fall. The barrel could not have fallen of itself, and the fact that it fell, in the absence of explanation by appellants, raises a presumption of negligence.

Appellee had never been upon this deck or platform, and knew nothing of its construction, though it may be that she could see that it had no railing or guard of any kind along its edge. It was appellants' duty to furnish appellee a reasonably safe place at which to do her work and to keep it in a reasonably safe condition while she worked. Whether or not the maintenance of this platform without any railing, guard or protection of any kind along its edge and having barrels upon it, as here shown, was a safe place for appellee to work and a discharge of appellants' duty in that regard, or whether it was negligent to so have it in this condition, was a question for the jury under the evidence. Appellants offered no evidence whatever as to the circumstances attending the accident, or by way of explanation as to how the barrel came to fall.

The declaration alleges that appellants were negligent in not providing appellee a reasonably safe place to work. We think the circumstances shown as above made a *prima facie* case of negligence of appellants and cast upon them the burden of rebutting it. In other words the doctrine of *res ipsa loquitur* applies. I. C. R. R. Co. v. Phillips, 49 Ill.

234; Allerton Packing Co. v. Egan, 86 Ill. 253; Hart v. Wash. Pk. Club, 157 Ill. 9, and cases cited; Sheridan v. Foley, 58 N. J. Law Repts. 230, and cases cited; Watts et al. v. Jensen, 86 Fed. Rep. 658; Olson v. Ry. Co., 68 Minn. 155-61; Met. etc., Co. v. McDonough, 87 Ill. App. 31-40, and cases cited; Mullen v. St. John, 57 N. Y. 567; Scott v. London Dock Co., 3 Hurl. & C. 596; Kearney v. London, etc., R. R. Co., L. R. 5 Q. B. 411; S. C. on Appeal, 6 L. R. Q. B. 759; Tuttle v. R. R. Co., 48 Ia. 236-9; Gerlach v. Eddmeyer, 47 N. Y. 292; Holbrook v. R. R. Co., 16 Barb. 113-17; 1 Shearman & Red. on Neg., Sec. 59 and 60.

In Shear. & Red. on Neg., Sec. 60, *supra*, the authors, in speaking of when the maxim of *res ipsa loquitur* applies, say :

" When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who had the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care."

In the Scott case, *supra*, which is a leading case on the subject, the plaintiff was injured while passing in front of a warehouse of defendants by the falling of six bags of sugar upon him from the warehouse, and recovered. The judgment was affirmed by the Court of Exchequer, and the following language is used, which is quoted approvingly by our Supreme Court in the Hart case, *supra*, viz.:

" There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care." .

In the Sheridan case, *supra*, the maxim in question was applied in a case where the plaintiff was injured by the falling of a brick from a scaffold where the defendant's employes were at work, or from a hod of one of their hod-carriers while he was ascending a ladder, though how the brick happened to fall was not shown. The court say :

" The bricks were in the custody of defendant's servants at the time when this one fell, and it was their duty to so handle them as not to endanger others who were engaged in other work upon the same premises. This brick could not have fallen of itself, and the fact that it fell, in the absence of explanation by the defendant, raises a presumption of negligence. If there are any facts inconsistent with negligence, it is for the defendant to prove them."

In the Olson case, *supra*, this doctrine was applied to the case of an injury to an employe of a railway company, the defendant in the case, while engaged at his work for the company, and we see no reason, under the decided cases, why the doctrine of *res ipsa loquitur* may not as well be applied in the case of an injury to a servant working for his master, and his injuries occur by reason of the alleged negligence of the master or his servant. As is said in the Scott case, above quoted, it is enough to make a *prima facie* case of negligence that the thing causing the injury was under the management of the defendant or his servants, and the accident was such that in the ordinary course of things it would not have happened if those having the management used proper care. We deem it unnecessary to review the numerous cases cited by appellant's counsel; suffice it to say, they may all be clearly distinguished in their facts and circumstances from the case at bar.

The further claim is made that appellee assumed the risk of injury because she had equal means with the appellants of knowing the danger to which she was exposed. This we think was a question of fact for the jury, and that their verdict is sustained by the evidence. Appellee had the right to assume, without making a critical examination of her surroundings, that appellants had performed their duty toward her in furnishing her a reasonably safe place in which to do her work; and although she may have known that barrels were usually kept upon this platform and that there was no railing or guard along its edge, she may not have appreciated the danger to which she was exposed. Whether she did or not was for the jury to say. Ross v. Shanley, 185 Ill. 390–3; Swift v. O'Neill, 187 Ill. 337; R. R.

Co. v. Dudgeon, 184 Ill. 477–85; Offutt v. Col. Exp., 175 Ill. 472; R. R. Co. v. Knapp, 176 Ill. 127; R. R. Co. v. Wilson, 189 Ill. 89–97; R. R. Co. v. Cleveland, 92 Ill. App. 308.

We are of opinion that the case was properly submitted to the jury, that their verdict is sustained by the evidence, and the judgment is affirmed.