## Julia H. McDonnell v. Chicago City Railway Company.

### Gen. No. 12,934.

1. Res ipsa loquitur—*when doctrine of applies.* A presumption of negligence arises where the injury resulted to one about to board a street car by reason of the fender of the car about to be boarded becoming detached and thrown so as to strike and injure such person.

2. Credibility of witnesses—*when instruction improper.* An instruction is improper which directs the jury to disregard the testimony of a witness if it is believed that he has been guilty of exaggeration.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. George A. Dupuy, Judge, presiding. Heard in this court at the March term, 1906. Reversed and remanded. Opinion filed January 21, 1907.

Coburn & Case and Francis A. McDonnell, for appellant.

William J. Hynes, John E. Kehoe and Watson J. Ferry, for appellee; Mason B. Starring, of counsel.

Mr. Justice Holdom delivered the opinion of the court.

This is an action for personal injury claimed to have been suffered by appellant as a result of the negligence charged against appellee. The trial in the Superior Court was before the court and a jury, and terminated in a verdict in favor of appellee, upon which the trial court, after overruling a motion for a new trial, gave judgment, to review which this appeal is prosecuted, and various errors are assigned upon the record.

The primary facts on which the right of recovery is predicated are: That appellant between eleven and twelve o'clock on the night of February 10, 1904, was waiting at the corner of Kimbark avenue and

Fifty-fifth street, Chicago, with the purpose in view of taking a car of appellee proceeding in a westerly direction at this point. On the approach of a car appellant gave a signal indicative of her desire. The approaching car gave evidence of slowing up preparatory to coming to a standstill, when in some way and from some cause unexplained, the fender in front of the car became detached and was thrown with great force and violence against appellant, knocking her down and severely, as she claims, injuring her. In the view we take of this case, it will be unnecessary to discuss the extent of such injuries or their effect upon appellant.

That the fender of appellee's car was a part of the mechanism of the car and solely under its control and management, cannot be gainsaid. That it was bound to so control and operate the car and secure the fender thereon that people in either passing along or being upon the route of its passage were not menaced with the danger of being struck by its being thrown from its fastenings, is equally evident. When appellant had proven these admitted conditions, resulting in her injury, a presumption clearly arose of appellee's negligence, a presumption sufficient to cast the burden upon appellee to rebut it by evidence of such acts and conduct which in law would relieve it from the charge of negligence thus imputable to it. The fact of the fender becoming detached from the car in the manner charged and proven speaks for itself that such act was the result of negligence in which appellant had no part, and which she was powerless to control.

In this condition of the facts—there being no evidence of the intervention of *vis major*—the maxim *res ipsa loquitur* applies, and the *onus* thereby cast upon appellee of rebutting the presumption of negligence which thus obtains. Many illustrations of the maxim may be found in the books; among others, where a ship in motion collides with a ship at

anchor, the fact of the collision is *prima facie* evidence of negligence in the colliding ship. The Annot Lyle, 11 P. D. 114; The Indus, 12 P. D. 46. Where two trains of the same company collide the burden of proving that the negligence was not due to the servants of the company rests on the company. Carpue v. L. B. & S. C. Ry., 5 Q. B. 747. Where one lawfully passing under a doorway and a bag of sugar fell upon him from a crane fixed above the door, the burden of proving the owner was not negligent rested upon such owner. Scott v. London Dock Co., 34 L. J. Ex. 220. So where one lawfully passing along a highway was struck by a brick falling from defendant's railway bridge, or by a barrel tumbling out of an upper window of their shop; in all these cases negligence is imputable to defendant under *prima facie* proof of the recited facts. Harney v. L. B. & S. C. Ry., 40 L. J. Q. B. 285; Byrne v. Boadle, 2 Hurlst & Colt, 722.

The rule has also been stated that where an accident happens from an inanimate object, which does not ordinarily happen if the persons who have the management of it use proper care, it may sometimes be inferred, in the absence of any explanation to the contrary, that it happened through want of care, and the failure to exercise care is negligence. So with the offending fender. It was within the care of the servants of appellee; it was inanimate and not such species of mechanism apt to fly from its fastenings and injure persons within the path of its flight, nor was that a danger to be encountered in the ordinary course of its operation. There is no evidence in this record at all either rebutting the presumption of negligence which obtains under appellant's *prima facie* proof or any explanation attempted by appellee of the occurrence.

Our Supreme Court said in N. C. St. Ry. v. Cotton, 140 Ill. 486, quoting from Scott v. London Docks, 3 Hurlst & Colt, 596: "Where the thing is shown to

be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.''

The circumstances of the injury to appellant give presumptive evidence of the specific negligence charged in the declaration, the burden of rebutting which rests upon appellee.

In the Cotton case, *supra,* the court held as a general rule that proof of an injury occurring as the proximate result of an act which under ordinary circumstances would not, if done with due care, have injured any one, is sufficient to make out a presumption of negligence, and that the rule so announced applies even when no special relation of passenger and carrier exists.

This court in Armour v. Kolkowska, 95 Ill. App. 492, applied the doctrine of the maxim *res ipsa loquitur* to a case in which a woman while working at a table trimming meat in the Armour packing house, was injured by the fall of an empty barrel from a platform above her, and sustained a judgment in her favor upon the express ground that there was no evidence explaining how the barrel came to fall.

Instructions 14 and 15 are clearly erroneous in disregarding the rule of law applicable to the *prima facie* case made by appellant, and in ignoring the doctrine which, under such proof, shifted the burden upon appellee to prove that the injury to appellant was not imputable to the negligence of appellee. Instruction 18 is equally objectionable and erroneous in requiring as a *sine qua non* to appellant's right to recover that she prove the negligence of appellee without regard to any legal presumptions which obtained in her favor under the proof.

Instruction 21, in the light of the proof, was misleading. This case does not involve the question of unavoidable accident. The condition is self-refuting on any such theory. Fenders on cars do not, without coming in contact with an opposing force, ordinarily fly from their fastenings, except in consequence of negligence imputable to those in charge of and operating such cars; and the same criticism applies with equal force to instruction 30, by which the jury were told if they believed "that the fender of the car in question became detached as the result of a pure accident, without the negligence on the part of the defendant charged in the declaration," appellant could not recover. In legal contemplation this instruction is a contradiction within terms, for the negligence imputable to appellee under the law, in the condition of the proof, also fastened upon it the burden of rebutting the presumption which thus obtained. This it did not do, and as the record then stood, the only question with which the jury were concerned was the amount of damages which appellant was entitled to recover for the injuries she had suffered, if the proof so demonstrated, as the result of being struck by the fender projected upon her from appellee's car, and to bring in a verdict accordingly.

Instruction 25 is erroneous, in that it includes in the same category the lesser vice of a witness' exaggeration of occurrences, and the greater one of false swearing, and directs the jury to disregard the testimony of the witness guilty of exaggeration in the same way as that of the witness knowingly testifying falsely, viz., "unless corroborated by other credible evidence or by facts and circumstances appearing in the case."

An instruction in the very words of instruction 25, with the same combination of exaggeration and false swearing, was condemned in Chicago City Ry. v. Allen, 169 Ill. 287. The court said, page 293: "It is not the law the entire testimony of a witness may

be rejected from consideration by a jury, upon the ground that the witness has knowingly and wilfully exaggerated any fact or circumstance, but only where he has knowingly and wilfully sworn falsely to some matter or thing material in its character.''.

The giving of this instruction was reversible error.

For the errors indicated the judgment of the Superior Court is reversed and the cause remanded for a new trial, in accordance with the views here expressed.

*Reversed and remanded.*